Billy Gene HERSCHAP et al., Appellants,

v.

Wade L. MOORE, Appellee.

No. 14698.

Court of Civil Appeals of Texas.

San Antonio.

June 12, 1968.

Rehearing Denied July 24, 1968.

844

Lewright, Dyer & Redford, W. N. Wool-sey, Corpus Christi, for appellants.

James DeAnda, Corpus Christi, for appellee.

BARROW, Chief Justice.

This is a venue action involving Subd. 9a, Art. 1995, Vernon's Ann.Civ.St. The trial court, after a non-jury hearing, over-ruled the plea of privilege of appellants, Billy Gene Herschap and Howard Herschap, d/b/a Herschap Well Service, to transfer appellee's suit for damages to Webb County, the residence of appellants. F. P. Deer was also joined as a party defendant, but there is no complaint of the summary judgment which was granted him.

Appellee, an employee of Coastal States Gas Products Company, was injured in the course of his employment on August 11, 1962, while attempting to "bleed" gas pressure from the T. M. Allen B–1 well in Jim Hogg County. He alleges that this accident was caused by the negligence of Billy Gene Herschap in leaving the well in a dangerous condition after Herschap removed connections from the well on a previous occasion. Appellants concede that the well was in a dangerous condition at the time of the accident, but by "no evidence" and "insufficient evidence" points [1] complain of the implied finding of the trial court that appellants were responsible for such dangerous condition.

■ There is no substantial disagreement as to the applicable law in this case. Appellants are entitled to be sued in Webb County unless appellee has discharged his burden of proving, by a preponderance of the evidence, that appellant Billy Gene Herschap committed an act of negligence in Jim Hogg County which was a proximate cause of appellee's injuries. Leonard v. Abbott, 366 S.W.2d 925 (Tex.Sup.1963); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); McDonald, Texas Civil Practice, § 4.17.2. Neither is there any substantial dispute in the facts. The basic question for our determination is whether there is direct evidence to support an inference that the dangerous condition was created by Billy Gene Herschap.

Appellee was a gauger and pumper for Coastal States, and on August 11, 1962, was

1. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965).

directed by his employer to check and bleed the pressure on this temporarily abandoned well, as he had done on two previous occasions, the last occasion being some two or three months previously. This was done by opening a valve on the Christmas tree of the well. There was about eight hundred pounds gas pressure on this well, and when appellee turned the valve about a quarter turn the jet action of this pressure going through the choke tee, which was improperly turned, caused the Christmas tree to back off and unscrew from its connection to the casing. As the Christmas tree was thereby violently turned, the various protrusions of nipples and valves on same struck appellee and seriously injured him. When the well was in production the choke tee was secured to a nipple on a valve connected to the Christmas tree. In turn the choke tee, which is an L-shaped tube, was connected by a fitting or union (a piece of pipe) to a flow line in the ground which carried the oil production to a storage tank on the well site. This well was not in production at the times involved herein and therefore the flow line was not in use. If the choke tee had been turned in any other direction than at right angles to the valve, the accident probably would not have occurred.

About a month or two before this accident, Billy Gene Herschap was directed by Mr. Slavik, a supervisory official of Coastal States, to remove certain connections from this well which were needed on another Coastal States well on this lease on which the Herschap Well Service was performing work. Herschap Well Service had done no prior work on this well. Although appellee happened to be working on the site of the well in question at the time Billy Gene Herschap and Mr. Slavik removed these connections, he did not know what connections were taken or even what work was done on this occasion. On the other hand, the positive and uncontradicted testimony of Billy Gene Herschap is that a choke tee was needed for installation on the other well and, at the direction of Mr. Slavik, he removed the choke tee from the well in question.

There is no dispute that at the time of the accident there was a choke tee on this well which caused the accident. In fact, Howard Herschap worked on the well on the day following the accident, at the request of Coastal States, and he saw a choke tee on the well. There is no testimony that the choke tee on the well at the time of the accident was the same one that was originally on the well. They are of standard size and may be used interchangeably on various wells. The extent of the testimony from appellee is that this well-site was located in a remote part of the county, and that, although Coastal States had a key to the gate lock, he would have been advised, unless he was on vacation, if anyone had subsequently worked on this well. Mr. Slavik did not testify as a witness, although appellee testified that he had discussed the accident with Mr. Slavik.

Appellee urges that the uncontradicted testimony of Billy Gene Herschap that he had removed the choke tee cannot be given conclusive effect since Herschap is an interested witness. The general rule is that evidence given by an interested witness, even though uncontradicted presents an issue of fact to be determined by the trier of facts. James T. Taylor & Son, Inc. v. Arlington Independent School Dist., 160 Tex. 617, 335 S.W.2d 371, 377 (1960); Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628, 633 (1950). In Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965), the Supreme Court in discussing the evidentiary rules applicable to summary judgments said: "Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving

the testimony, if it is not true, and fails to do so. (Citing authorities.)" See also Jamison v. Sockwell, 405 S.W.2d 618 (Tex. Civ.App. Dallas 1966, writ ref'd n. r. e.); Ford v. Aetna Ins. Co., 394 S.W.2d 693 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). Furthermore, a jury is not entitled to make an opposite finding solely from the uncontradicted testimony of an interested party. Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378 (1945); Schafer v. Stevens, 352 S.W.2d 471, 478 (Tex.Civ.App.—Dallas 1961, no writ); Dixon v. Burling, 277 S.W.2d 957 (Tex. Civ.App.—Galveston 1955, no writ).

Obviously, if appellee had established that no one had done any work on this well after Billy Gene Herschap had worked on it, the court could infer that he had created the dangerous condition. However, the record here does not justify such an inference. The closest case we have found on this point is Ice Service Co. v. Scruggs, 284 S.W.2d 185 (Tex.Civ.App.—Fort Worth 1935, writ ref'd n. r. e.). There an employee of a cafeteria at Sheppard Air Force Base slipped and fell on partially melted ice particles in the cafeteria. The floor had been inspected and found clean about fifteen to thirty minutes before this fall. There was direct testimony that defendant's employee had delivered crushed ice in a canvas carrying bag along this route in the interim. There was no proof showing that the ice or water could have gotten there from any other source. The Court held that the plaintiff's verdict was clearly based upon an inference which was fairly drawn upon evidence free and distinct from speculation and conjecture inhibitive thereof.

In our case we have an interval of at least a month or two between the time Herschap worked on this well and the time of the accident. Appellee's employer had access to the premises and it cannot be said that appellee's testimony that he was not advised of any subsequent work rules out a replacement of the choke tee by Coastal States or someone at its direction. There is no showing that appellee lived anywhere near said well-site, and he went on the property only occasionally for the purpose of hunting arrowheads A choke tee was useful in the bleeding of a well and it would not be unreasonable for one to be replaced on this well. In the final analysis, however, we believe that appellee's inference that Herschap did not remove the choke tee must fail because of appellee's failure to call Mr. Slavik who was in a position to contradict Herschap if he had not removed this choke tee for use on the other well, and also could have testified whether anyone had done any subsequent work on this well for Coastal States. No explanation was given for appellee's failure to call Mr. Slavik.

 We conclude from this record that the evidence is insufficient to support an inference that appellants created the dangerous condition which caused appellee's injuries. The judgment of the trial court overruling appellants' plea of privilege is reversed and the cause remanded.