Leara MACKEY et vir, Appellants,

v.

GULF INSURANCE COMPANY, Appellee.

No. 7910.

Court of Civil Appeals of Texas.

Amarillo.

June 30, 1969.

Rehearing Denied July 28, 1969.

Brown & Gauss and Robert W. Gauss, Lubbock, for appellants.

Blanchard, Clifford, Gilkerson & Smith and E. Lawrence Merriman, Lubbock, for appellee.

DENTON, Chief Justice.

Our former opinion is withdrawn and the following opinion is submitted in lieu thereof.

This is a workmen's compensation case. Mrs. Leara Mackey, wife of Johnnie Mackey, was an employee of Underwoods of Lubbock, Inc. and the Gulf Insurance Company was the insurance carrier. Mrs. Mackey alleged she fell on a wet spot on the premises of her employer on January 17, 1967

and that the fall caused an injury to her neck, back and spine.

A jury, in answer to special issue Number 1 found that Mrs. Mackey did not sustain an accidental injury on January 17, 1967 as alleged. Since most of the other special issues were conditioned upon an affirmative answer to special issue Number 1, no other special issues, including defensive issues not conditionally submitted, were answered. On the verdict of the jury, the trial court entered judgment that the plaintiff take nothing.

The appellants bring this appeal upon five points of error. It is contended the trial court erred in refusing to grant a mistrial for the alleged violations by appellee's attorney of appellants' motion in limine; that the jury finding was contrary to the undisputed evidence; that the finding was contrary to the great weight and preponderance of the evidence; and that the cumulative effect of appellee's counsel's conduct prevented appellants from receiving a fair and impartial trial.

Appellants' contention that the jury finding that appellant did not sustain an accidental injury is contrary to the undisputed evidence is not a true "no evidence" situation. In order for appellants' contention to be sustained, it must appear that the evidence establishes conclusively that an accidental injury was sustained by appellant on the date in question.

The jury found that Mrs. Mackey did not receive an accidental personal injury under the trial court's instruction, which included the acceleration or aggravation of any previously existing physical condition or disease by reason of damage or harm to the physical structure of the body. This instruction was in conformity with appellants' trial amendment filed with leave of the court. As a result of such answer, the jury did not answer the issues pertaining to whether or not the claimant was in the course of her employment, the extent or duration of her injuries, if any.

Mrs. Mackey had worked for Underwoods, a restaurant, as a pastry cook for some 8½ years prior to her alleged injury. She had a good work record with the company and was being paid $1.20 per hour. She testified that between 11:00 a.m. and 2:00 p.m. on January 17, she went to a Coke machine on her employer's premises "and just all of a sudden I got my ice and started back and I slipped and fell. My right leg went straight up under me and I went plumb back on the floor on my back. I couldn't get up, so the assistant manager and Margaret Robinson come picked me up". She identified the assistant manager as Jerry Ledbetter. She testified she tried to continue her work, but was unable to do so because "I had so much misery". She testified she was hurting in her head, neck and back. Shortly thereafter she was taken to the hospital by a fellow employee by the name of Conner. None of this testimony was refuted by the appellee. She was seen by Dr. Arrington, an associate of Dr. King, a heart specialist who had previously treated Mrs. Mackey. After an examination in the emergency room, Dr. Arrington admitted her into the hospital for observation and probable fractures of the back and shoulder area. Dr. King later examined her and then called in Dr. R. Q. Lewis, an orthopedic surgeon. Dr. Lewis stated in his "consultation record" of January 17: "Fall at work. Right shoulder, back and hip painful. All joints freely movable * * * X-rays show no fractures." She was released from the hospital on January 21. Dr. Lewis continued treating her for several months for her "orthopedic problem". Dr. King, called by the appellee insurance company, verified the case history given by Mrs. Mackey and testified there was no significant change in her heart condition after the fall. The hospital records relative to her stay in the hospital from January 17 to January 21 were introduced into evidence. All the doctors who examined Mrs. Mackey, including Dr. Mayfield, who examined her only for the purpose of testifying, agreed she had an arthritic condition in her spinal area. Dr. King testified the fall as describ-

ed by Mrs. Mackey would be a traumatic experience and "could very well be calculated" to accelerate or aggravate her arthritic condition. Dr. Mayfield testified such an injury "quite likely did" aggravate her arthritic condition. Mrs. Mackey testified, and it is undisputed, she has been unable to work a day since her fall and that she experiences pain when attempting to do her housework.

▇▇▇▇ Appellee seems to concede the testimony of Mrs. Mackey relative to her fall is uncontradicted, but insists the inconsistencies and contradictions in her testimony concerning two prior lawsuits in 1956 and other illnesses create a substantial controversy of whether or not she did in fact sustain personal injuries on January 17, 1967. We recognize the general rule to be that the testimony of interested witnesses, such as a party to the suit, merely raises a fact issue to be determined by the jury. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904. However, this general rule is not applicable if such testimony is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Sup.Ct.). This exception is especially applicable where the opposite party has the means and opportunity of disproving the testimony if it is not true and fails to do so. James T. Taylor & Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371. Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640. Herschap v. Moore (Tex.Civ.App.) 430 S. W.2d 843. Furthermore, a jury is not entitled to make an opposite finding solely from the uncontradicted testimony of an interested party. Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378. Dixon v. Burling (Tex.Civ.App.) 277 S.W.2d 957.

▇▇▇▇ Mrs. Mackey's testimony concerning her fall and the circumstances surrounding it was direct and positive. She identified the two fellow employees who picked her up from the floor following the fall, as well as the one who took her to the hospital a short time later. None of these employees of appellee's insured were called upon to testify. Her description of her condition was consistent with the case history given to the doctor a short time after the fall. The medical reports support her testimony relative to her fall and resulting personal injuries. The contradictions or inaccuracies of appellant's testimony concerning prior injuries do not in themselves tend to render her testimony relative to her fall and its attending results unclear or uncertain. We conclude there was probative evidence to support the allegation appellant received an accidental injury on the date in question. We are therefore of the view the cause must be remanded to the trial court for retrial of the cause on its merits.

▇▇▇▇ In view of our disposition of this appeal, we do not deem it necessary to discuss in detail appellants' other points of error dealing with the alleged violation by the appellee's attorney of the motion in limine. However, in view of another trial this matter should be referred to. Evidence concerning the nature and extent of prior injuries are admissible in workmen's compensation cases, but evidence of sums of money obtained in prior settlements or other cases is inadmissible. St. Paul Fire & Marine Insurance Co. v. Murphree 163 Tex. 534, 357 S.W.2d 744. The trial court's order sustaining the motion in limine was in harmony with these rules of evidence held in the *Murphree* case. Appellee's counsel's inquiry if Mrs. Mackey received "any money on that lawsuit" did not constitute reversible error, nor was reference to Mrs. Mackey's receiving Social Security benefits reversible error. This matter was referred to upon direct examination by her own counsel. She cannot now complain of appellee injecting this matter into the record.

The judgment of the trial court is reversed and the cause is remanded.