GULF INSURANCE CO., Appellant,

v.

Richard J. SNYDER, Jr. et al., Appellees.

No. 7968.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 15, 1969.

**948**

Key, Carr, Evans & Fouts and Ronald M. Yeager, Lubbock, for appellant.

Evans, Pharr, Trout & Jones, and Carlton B. Dodson, Lubbock, for appellees.

DENTON, Chief Justice.

This is a subrogation case. Gulf Insurance Co. filed suit against Richard J. Snyder, Jr. and Richard J. Snyder, Sr., seeking to recover property damage on an automobile owned by Mrs. Billie Webb Rosenwasser, Gulf's insured. The defendants pleaded estoppel and res judicata by prior judgment. The trial court without a jury entered judgment for the defendants.

The material facts are undisputed. Gulf Insurance Co. was the insurance carrier of an automobile owned by Mrs. Rosenwasser. This policy was in force and effect when the Rosenwasser automobile was involved in a collision with an automobile driven by Richard Snyder, Jr. on October 21, 1966. On December 5, 1966, Gulf paid Mrs. Rosenwasser the sum of $393.94 which represented the property damage to her automobile, less $100.00 deductible, and took from her a subrogation receipt and assignment of that portion of the property damage paid by Gulf. In September, 1967, Mrs. Rosenwasser, joined by her husband, filed suit against Richard Snyder, Jr. in the District Court of Lubbock County for personal injuries only alleged to have been received in the collision. Gulf had notice of this suit. It did not intervene nor was it impleaded. On May 5, 1968, the Rosenwassers entered into a compromise and settlement agreement with the Snyders settling their claim for personal injuries and $100.-00 deductible feature of their insurance policy with Gulf for the sum of $4,500.00. On March 12, 1968, the trial court after reciting the parties "have compromised and settled said cause to the satisfaction of all parties" entered judgment dismissing the cause with prejudice. Gulf brought this suit to enforce its right of subrogation for the property damage to the Rosenwasser automobile.

The trial court's findings of fact substantially set out the above undisputed facts, and concluded as a matter of law the former judgment entered in the District Court was res judicata as to the present suit; that Gulf is estopped to deny it is bound by the prior judgment; and that but one cause of action arose out of the collision between the Rosenwasser and Snyder automobiles.

Unquestionably Texas courts have followed the majority rule or the so-called "single cause of action rule" in cases where personal physical injury and property damage occur simultaneously. Cormier v. Highway Trucking Co. (Tex.Civ.App.) 312 S.W.2d 406; Garrett v. Mathews (Tex.Civ.App.) 343 S.W.2d 289; Traders & General Insurance Co. v. Richardson (Tex.Civ.App.) 387 S.W.2d 478 (writ refused); Owens v. Peeples (Tex.Civ.App.) 391 S.W.2d 493.

Appellant recognizes that Texas has followed this majority rule, but contends the settlement agreement entered into between Rosenwasser and Snyder constituted an exception to the "single cause of action rule". It is undisputed the compromise settlement releasing the Snyders from liability in the personal injuries case did not include the subrogated property damage paid by Gulf to Mrs. Rosenwasser. It is also without dispute the compromise settlement did not and could not settle and release this prop-

erty damage claim. The settlement agreement, executed between Rosenwasser and approved by Snyder's attorney provided: "however, it is not their intent to settle the property damage which they have heretofore assigned under their collision insurance policy". This agreement simply recognized and affirmed the legal principle that Gulf's assured had no authority to negotiate or settle the property damage paid by Gulf, and that this element of damages had been assigned to Gulf by its insured. The compromise settlement did not change or affect Gulf's legal position. Gulf, having had notice of the pending suit, did not intervene. Under the undisputed facts of the case the judgment in the first case is a bar to Gulf's recovery in the present suit.

The judgment of the trial court is affirmed.