**SOUTHERN PACIFIC TRANSPORT CO. et al., Appellants,**

v.

**STATE FARM MUTUAL INSURANCE CO., Appellee.**

**No. 663.**

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1972.

Keys, Russell, Watson & Seaman; H. Dee Johnson, Corpus Christi, for appellants.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham; George G. Brin, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial for State Farm Mutual Insurance Company, plaintiff-appellee. State Farm, as subrogee for its insured C. F. Gibbens, brought suit in the 105th District Court of Nueces County, Texas against Southern Pacific Transport Co., R. A. Lourther and C. F. Gibbens to recover $537.12. Gibbens was ultimately dismissed from the suit. Appellant asserts 15 points of error which will be hereafter more fully discussed.

The basic facts may be summarized as follows. State Farm insured an automo-

bile owned by C. F. Gibbens. Gibbens' automobile was damaged in a collision with a truck owned by Southern Pacific Transport Co., and operated by R. A. Lourther, on or about February 2, 1968 in Beeville, Texas. State Farm paid its insured, C. F. Gibbens, $537.12 for the damages to the automobile and entered into a subrogation agreement with Gibbens for the amount paid under the insurance policy. The evidence shows that Southern Pacific had knowledge of the fact that State Farm had paid its insured's claim and was subrogated to the claim in that amount. More specifically, William Gilbert, field claims representative of State Farm, notified Southern Pacific Transport Co., by letter of State Farm's claim. Subsequently, C. F. Gibbens filed suit in the 165th District Court of Harris County, Texas against Southern Pacific and R. A. Lourther seeking recovery for both personal injury and property damage suffered in the accident of February 2, 1968. Thereafter, on January 24, 1969, Gibbens' suit, bearing Cause No. 759,605 was dismissed with prejudice pursuant to a settlement agreement entered into between C. F. Gibbens and Southern Pacific Transport Company, whereby Southern Pacific paid Gibbens $10,000 for a release from all claims arising from the accident. None of the pleadings in the Harris County suit are a part of the record herein. Only the final judgment and a release are before us.

In the instant case the jury found in response to five special issues that State Farm did not have notice of the filing or pendency of the suit entitled C. F. Gibbens v. Southern Pacific Transport Co. and R. A. Lourther in the 165th District Court in Harris County, Texas; that C. P. Jones, claim agent for Southern Pacific, by words or conduct represented to State Farm that its subrogation interest would be considered separately and apart from the personal injury claim of C. F. Gibbens; that such representation was made with the reasonable expectation that it be relied on; that State Farm reasonably relied upon such representation, and that such reliance

caused State Farm to forbear from intervening in the suit brought in Harris County by Gibbens against Southern Pacific.

The parties herein stipulated that C. F. Gibbens, State Farm's insured, was the plaintiff in the cause against Southern Pacific Transport Co. & R. A. Lourther that was dismissed with prejudice in the District Court of Harris County, Texas; and that the automobile-truck collision sued on in Nueces County by State Farm as subrogee of C. F. Gibbens is the same collision sued on in Cause Number 759,605 entitled Carol Gibbens v. Southern Pacific Transport Co. & R. A. Lourther in the 165th District Court of Harris County, Texas. In the instant case all issues of negligence, proximate cause and damages concerning the original accident were also stipulated to by the parties in plaintiff's favor.

The trial court rendered judgment for State Farm and this appeal followed. Appellant-Southern Pacific, asserts 15 points of error which may be summarized as follows:

(1) The trial court erred in failing to hold that State Farm's cause of action was barred by the operation of the doctrine of res judicata as a result of the prior judgment in the Harris County case.

(2) The trial court erred in overruling Southern Pacific's motion for directed verdict at the close of the evidence, and in overruling Southern Pacific's motion for judgment non obstante veredicto and rendering judgment on the verdict.

(3) The trial court erred in submitting Special Issue No. 1 in that it was not an ultimate or controlling issue. That issue reads as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that State Farm Mutual Automobile Insurance Company had notice of the filing or pendency of Cause No. 759,605, entitled Carroll Gibbens vs Southern Pacific Transport Company and R. A. Lourther, in the 165th Judicial District of Harris County, Texas?

You are instructed that, for the purposes of this issue, 'notice' is defined as those things of which State Farm Mutual Automobile Insurance Company had express information, and those things which would have been disclosed on reasonably diligent inquiry and exercise of the means of information at hand.

Answer 'We do,' or 'We do not.'

Answer: *We do not."*

(4) The trial court erred in rendering judgment for State Farm because the evidence was legally and factually insufficient to support the jury's findings on Special Issues one through five.

Appellee, State Farm, on the other hand, contends that appellants failed to sustain their burden of proving the necessary elements of the defense of res judicata. State Farm particularly asserts that res judicata does not operate as a bar to an insurer's subrogation action unless the party invoking the doctrine proves that the insurer had notice, actual or implied, of the pendency of the prior litigation brought by its insured, and, thus, an opportunity to intervene for purposes of protecting its subrogation interest. Further, State Farm avers that Southern Pacific is estopped from relying on the doctrine of res judicata because of the words and conduct of its agent which led State Farm to believe that its subrogation interest would be considered separately from the personal injury cause of action of Gibbens, and relies on the jury findings in such respect.

■ The general principle of res judicata has been defined as "A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." Davis, et al v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467 (1942) and Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831 (1921). The doctrine of res judicata, founded on public policy and fundamental to our jurisprudential system, has as its aim the prevention of a multiplicity of suits.

■ Appellant-Southern Pacific cites Gulf Insurance Co. v. Snyder, 446 S.W.2d 947 (Tex.Civ.App., Amarillo, 1969, n. w. h.) and Traders & General Insurance Co. v. Richardson, 387 S.W.2d 478 (Tex.Civ. App.—Beaumont, 1965, writ ref'd) in support of its contention that the insurer, State Farm, is barred from a recovery in this suit under the doctrine of res judicata. In each of the cited cases an insurer paid its insured under a collision and upset provision in the insured's policy, and then failed to intervene in the insured's personal injury suit, after notice of it, to protect the insurer's subrogation interest. In each of the cases the insurer was held barred from recovery on its subrogation claim. The main theme of the above-mentioned cases, however, involves the doctrine of splitting causes of action, a branch of the broader doctrine of res judicata. Shipman, Splitting A Cause of Action in Texas; A Survey and Analysis, 36 Tex.L.Rev. 475 (1958). The splitting of a cause of action for damages is not permitted under the law of this State. Texas follows the majority rule in holding that "a single wrongful or negligent act or omission causing an injury to both the person and the property of the same individual constitutes but one cause of action with separate items of damage, and * * * hence, the cause of action cannot be split, and a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage," Cormier v. Highway Trucking, 312 S.W.2d 406 (Tex. Civ.App., San Antonio, 1958, n. w. h.). *Cormier* more specifically, held that a single transaction involving both property damage and personal injuries gave rise to only one cause of action, and that the cause of action could not be split by the

assignment of a portion of the claim to an insurance carrier so as to authorize two separate, consecutive actions. .

An analysis of appellants' cases, Gulf Insurance Co. v. Snyder, supra, and Traders & General Insurance Co. v. Richardson, supra, reveals distinguishing factors when compared to the instant factual situation. In the cases mentioned above, as well as others cited for the same proposition by appellant, the decision was bottomed on the rationalization that the insurer could have protected itself by filing an intervention while the first suit was pending, and it was shown that the insurance company had notice of the litigation instituted by its insured against the third-party. In the instant case, under the jury finding, State Farm did not have notice of the Harris County litigation.

 The cases cited by appellant-Southern Pacific, in support of its position that the settlement and dismissal of the subsequent suit bars State Farm's right to its subrogation interest, discloses that an insurance company's notice of impending litigation between its insured and a third party is significant. The cases cited to us are clear in each instance that the insurer had notice of the claim between its insured and a third party and had an opportunity to intervene to protect their subrogation interest. Notice to the insurer, then, is an essential ingredient to the doctrine of splitting causes of action. The burden of proving notice is placed on the party asserting the doctrine as a defense. In this case, appellant-Southern Pacific has failed to meet that burden. While the doctrine of splitting causes of action is more apposite to the instant factual situation than the doctrine of res judicata, the two are interrelated having the same rationale behind their application. In view of this similarity, the following excerpt from an opinion in Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467 (1942), provides insight to the underlying theory of res judicata:

"' . . . that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated, but to litigate them against the party (or his predecessor in interest) who seeks to use the judgment against him.' Freeman on Judgments, 5th Ed. p. 918, § 422."

 It is well settled that when a third party has been made aware of an insurance company's subrogation claim he cannot destroy that claim by entering into a settlement with and obtaining a release from the company's insured. Wichita City Lines, Inc. v. Puckett, 156 Tex. 456, 295 S.W.2d 894 (1956); Filipp v. Ochoa, 340 S.W.2d 847 (Tex.Civ.App., Waco, 1960, n. w. h.).

In the case of Ft. Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874 (Tex. Civ.App., Ft. Worth, 1953, wr. dism.) the court held in part as follows:

"In case he (a defendant) was actually on notice from such a third party that the third party owned all or a part of the cause of action and he knows or has good reason to believe that the named plaintiff is not suing under arrangement whereby the third party's interests are protected or prosecuted in the course of the suit filed against him on the whole cause of action, he is under the duty to either protect the interest of such third party in the way he pleads to and tries the suit of the plaintiff, or he is under the duty to protect himself from such party by properly raising the issue as to the plaintiff's right to sue in the capacity in which he does sue, to wit: as owner of the whole cause of action, or by timely bringing the third party into the case as a party thereto, that he may extinguish his whole liability on the whole cause of action at one time. If he does neither, then he could not complain of any exposure to further liability or litigation on the cause of action from the third party subrogee-assignee."

In the instant case it is shown that Southern Pacific had notice of the subrogation claim of State Farm; that Gibbens, the plaintiff in the Harris County suit, did not own all of the cause of action for property damage against Southern Pacific; and that State Farm owned a part of the property damage claim. Nevertheless, the Harris County case was settled, a release obtained from Gibbens and a judgment of dismissal with prejudice entered, all without notice of the suit to State Farm. The evidence concerning the last mentioned subject will be hereinafter discussed separately. Under these conditions State Farm did not have an opportunity to protect its subrogation interest in the Harris County suit and is not barred from recovery under the facts established here either under res judicata or the doctrine of splitting causes of action. The trial court properly held that State Farm was not barred under such doctrines and properly submitted special issue no. 1. That issue, involving notice or lack of it, to State Farm of the pendency of the Harris County suit was an ultimate and controlling issue. The jury finding as to notice was favorable to State Farm and was highly material to disposition of the case in favor of State Farm. The trial court properly overruled appellant's motions for directed verdict and for judgment non obstante veredicto.

We now consider appellant's contentions that the evidence was legally and factually insufficient to support the jury answers to special issues one through five. The only oral testimony in the record concerning the question of actual notice was that of C. P. Jones, claims agent for Southern Pacific. Jones testified that he telephoned William Gilbert, field claims representative for State Farm, notifying him of the initiation of the lawsuit in Houston, Texas. However, the jury refused to find in answer to Special Issue Number One that State Farm had notice of the suit in Houston between its insured and Southern Pacific Transport Co. and R. A. Lourther. The jury is the exclusive judge of facts proved, the credibility of witnesses and the weight to be given their testimony. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951), and Great American Insurance Co. v. Murray, 437 S.W.2d 264 (Tex.Sup.1969). The jury is not only the judge of the facts and circumstances proved, but may also draw reasonable inference and deductions from the evidence adduced before it. It is also well settled that any ultimate issue may be established by circumstantial as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (Tex.Sup.1958). On cross examination Jones testified that he made no notation in his file as to a telephone conversation with Gilbert concerning the suit in Houston. Other than this testimony by Jones, there is no other evidence offered by appellant as to State Farm having notice of the suit in Houston. Jones' testimony is that of an interested witness and cannot be considered conclusive under the circumstances existing in this case. It is subject to the general rule that the testimony of an interested witness presents an issue of fact to be determined by the trier of facts. James T. Taylor & Son, Inc. v. Arlington Independent School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960). Herschap v. Moore, 430 S.W.2d 843 (Tex.Civ.App., San Antonio, 1968, n. w. h.). In this case the jury determination was adverse to appellant on issues one through five. Some of the documentary evidence along with portions of Jones' testimony tended strongly to support the jury findings on issues one through five and we overrule appellant's points which complain of the legal and factual insufficiency of the evidence to sustain them. Appellant's remaining points are also overruled.

The judgment of the trial court is affirmed.