**Richard G. THOMAS, Appellant,**

v.

**INTERNATIONAL INSURANCE COMPANY, Appellee.**

No. 5286.

Court of Civil Appeals of Texas, Waco.

Jan. 31, 1974.

Rehearing Denied Feb. 28, 1974.

Bader, Wilson, Manaker & Cox, Bert Bader, John B. Wilson, Jr., Dallas, for appellant.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Paul D. Schoonover, C. L. Mike Schmidt, Jr., Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Thomas from a take nothing judgment against defendant Insurance Company in a workman's compensation case.

Plaintiff alleged he sustained a back injury while working for Neuhoff Brothers Packers, Inc., on December 28, 1970, which was a producing cause of total and permanent incapacity. The defense was a general denial, and alternatively that prior conditions, injuries or diseases, compensable and non compensable, solely caused or contributed to any incapacity. Trial was to a jury which found:

1) Plaintiff sustained an injury on December 28, 1970.

2) Such injury was sustained while in the course of plaintiff's employment by Neuhoff Brothers Packers, Inc.

3) Plaintiff sustained no total incapacity following such injury.

8) Plaintiff has sustained or will sustain no partial incapacity following such injury.

The trial court rendered judgment on such verdict that plaintiff take nothing.

Plaintiff appeals on 6 points contending:

1) Errors in the selection, excusing, and ignoring prescribed procedures, violated plaintiff's right to a "pure and efficient" trial by jury in violation of the United States and Texas Constitutions to plaintiff's harm and prejudice.

2) The trial court erred in sustaining objections to plaintiff's oral argument.

3) The trial court should not have, over plaintiff's objection, permitted statements and assumptions by defendant's counsel that were without basis in evidence.

4) Plaintiff was prejudiced to his probable harm by counsel for defendant inquiring if plaintiff was represented by counsel in connection with a prior injury.

5) The jury's answers to Issues 3 and 8 were not supported by sufficient evidence, and are so contrary to the weight and preponderance of the evidence; and there is no evidence to support such answers.

6) The trial court should not have refused evidence that defendant had subpoenaed Dr. Anderson and failed to call him.

We revert to contention 5 which asserts in part that the jury's answers to Issues 3 and 8 are not supported by sufficient evidence, and are so contrary to the weight and preponderance of the evidence as to be clearly wrong.

As noted, the jury found that plaintiff sustained an injury on December 28, 1970 while in the course of his employment by Neuhoff; in answer to Issue 3 found that plaintiff sustained no total incapacity following such injury; and in answer to Issue 8 found that plaintiff sustained or will sustain no partial incapacity following such injury. Issues inquiring if any total or partial incapacity was permanent or temporary; whether the December 28, 1970 injury was a producing cause of any incapacity; whether any incapacity was caused solely by a heart condition; and whether (and if so how much) plaintiff's 1966 and 1969 injuries contributed to any incapacity were conditionally submitted and not required to be answered since the jury answered Issues 3 and 8 as they did.

Plaintiff was working on an assembly line in Neuhoff's packing plant on December 28, 1970. As the conveyor came by carrying the carcass of a cow it was plaintiff's job to cut off the head. As plaintiff raised the head of a cow and cut it off, he turned as the conveyor was moving, and as he did so a pain hit him in his lower back. He reported this to his supervisor who "didn't do anything." A fellow employee who was cutting weasels (a lighter work) traded jobs with plaintiff, and plaintiff continued to work for the rest of the day.

The next morning plaintiff was hurting and he 'phoned his supervisor to arrange for him to see the doctor. The supervisor refused; plaintiff went to the company doctor who refused to see him unless the supervisor authorized it which the supervisor refused to do. Plaintiff thereafter went to Dr. Kresh, and has made some 50 to 60 visits. Dr. Kresh has treated plaintiff with medicines and heat therapy. Defendant Insurance Company selected Dr. Luedke an orthopedic surgeon and Dr. Sanders to examine plaintiff. They did so and Dr. Luedke referred plaintiff to Dr. Crane to perform an electromyogram on plaintiff.

Dr Crane testified he was a Board Physical Medicine Specialist; he examined plaintiff on March 3, 1971 and May 15, 1971 and performed an electromyogram; that he found plaintiff had decreased ability to feel along his left leg, limited ability to raise his left leg, and 25% limitation in ability to bend back. Dr. Crane testified plaintiff had "strong probability of nerve root irritation" in the mid portion of his back, and also left L–5; that the most likely probable cause of this was a herniated lumbar disc; that plaintiff was totally incapacitated and that the December 28, 1970 injury was a producing cause; and that in all medical probability plaintiff's total incapacity is permanent.

Dr. Sanders and Dr. Luedke both recommended hospitalization; and plaintiff demanded hospitalization, but defendant refused.

There is evidence plaintiff suffered from injury to his back in 1966 and in 1969; has had trouble with and treatment for his heart and kidneys during such period; but made recovery from such disabilities.

No doctor testified on the trial except Dr. Crane. There is evidence that plaintiff was disabled, suffered severe pain in his back; wears a brace and is getting worse. He is currently working for a landscaper planting grass and shrubs. There is evidence that his back hurts him most of the time and real bad much of the time; that he has lost time from work because his back hurts and that other employees of the landscaper help him do his work much of the time.

There is no evidence that any doctor has released plaintiff to return to work.

We have very carefully examined the entire record before us, and from the record as a whole conclude the jury's findings in response to Issues 3 and 8 are against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Contention 5 asserting the answers to Issues 3 and 8 are against the great weight and preponderance is sustained.

Under this disposition plaintiff's other points become moot.

Reversed and remanded.