Johnny S. MACIAS, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 5664.

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1976.

Rehearing Denied Jan. 27, 1977.

Bob Huff & Associates, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a workman's compensation case. Johnny Macias was an employee of the New Deal Gin and Texas Employers was the insurance carrier. Macias alleged a back injury occurred on December 2, 1974, on the premises of his employer, the New Deal Gin. Trial was to a jury.

The jury in answer to Issue 1 found that Macias did not sustain an accidental personal injury on or about December 2, 1974. Other issues submitted were conditioned on an affirmative answer to Issue 1 and were not answered. The trial court rendered judgment on the jury verdict that plaintiff take nothing.

Plaintiff appeals on 3 points, contending among other matters, that the verdict of the jury and judgment of the court are contrary to the great weight and preponderance of the evidence.

As noted the jury found Macias did not receive an accidental injury which under the trial court's instruction included the acceleration or aggravation of any previously existing physical condition or disease by reason of damage or harm to the physical structure of the body.

Macias had been working at the New Deal Gin a part of two weeks prior to the alleged accident. He testified that on the night of December 2, 1974 (at about 2 o'clock A. M.) he was operating a hoist and raised a cotton bale on such hoist to get the bale over another bale already on the dock; that as he raised the bale on the hoist and was pushing it toward the dock and trying to get it over the loading dock to bypass other bales in the way, the bale came loose from the burlap it was wrapped in; and as he was pushing against it, it came back against him and pushed him back; thereafter falling to the ground; that he felt a strain in his back; that he had sharp pains in his back on his spine where his belt is. He continued to work the rest of the shift. Two fellow workers testified they saw plaintiff at the time of his injury. The evidence is disputed as to whether Macias reported his injury to the ginner, Mr. Williams that night or on December 6, three days later. Ginner Williams testified Macias was a "fair gin hand". Mr. Williams arranged for Macias to see Dr. Johnson on December 6, who x-rayed him and gave him medication and later referred him to Dr. Santos. Dr. Santos x-rayed and treated his back; and referred him to Dr. Evans who performed a hemilaminectomy and Dr. Santos performed a Lumbo-sacral fusion from L4 to S1. The medical records reflect Dr. Santos has seen Macias at about 3 month intervals through November, 1975, and that he had a very good post operative course. The surgery and medical bills were paid for by defendant insurance carrier.

While there are some inaccuracies and inconsistencies in some of the testimony as to some details, it is undisputed plaintiff was lifting heavy objects; there is nothing in the record to contradict the evidence of plaintiff and the two co-workers; and same is substantiated by the medical evidence.

From the record as a whole we think the verdict and judgment contrary to the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660; *Mackey v. Gulf Insurance Co.*, Tex.Civ.App., NWH, 443 S.W.2d 911.

The judgment is accordingly reversed and the cause remanded.

REVERSED AND REMANDED.