PRASSEL CONSTRUCTION COMPANY, Appellant,

v.

VAN DELDEN CONSTRUCTION COMPANY et al., Appellees.

No. 6722.

Court of Civil Appeals of Texas, El Paso.

Feb. 15, 1978.

Rehearing Denied March 15, 1978.

Allison & Plumb, Charles E. Sweetman, San Antonio, for appellant.

Groce, Locke & Hebdon, Cynthia Day King, John Compere, San Antonio, for appellees.

## OPINION

OSBORN, Justice.

This appeal is from a summary judgment based upon the compulsory counterclaim provision of Rule 97, Tex.R.Civ.P. We reverse and remand.

In August, 1974, Prassel Construction Company, as contractor, and Van Delden Construction Company, as subcontractor, entered into a contract which provided that Van Delden would perform certain construction work as part of the building of a retail store in San Antonio. Subsequently, the mezzanine collapsed. As a result of that collapse, Van Delden sued the store owner and Prassel. In January, 1976, Prassel filed a counterclaim in that same suit asserting a right to recover for certain layout work performed by the contractor for the subcontractor, and also seeking to recover damages for delays in performance of the work by the subcontractor beyond the time limits specified in the construction contract. On June 10, 1976, the Court granted a joint motion of the parties and, based upon an agreed settlement, dismissed both the original suit and the counterclaim with prejudice.

In the meantime, St. Paul Insurance Company in August, 1975, paid a claim of Prassel for physical property damage in the amount of $6,260.92 as the cost of replacement of the collapsed mezzanine. On August 13, 1976, St. Paul filed this subrogation suit against Van Delden to recover such payment. Van Delden answered and filed a motion for summary judgment asserting that the present suit is barred by the compulsory counterclaim provision of Rule 97(a), Tex.R.Civ.P. It also asserted the doctrine of res judicata, but that doctrine is not relied upon or mentioned in the briefs in this case. Attached to the motion is a copy of the counterclaim of Prassel in the first suit, a copy of the construction contract, and a copy of the motion for and order of dismissal. St. Paul filed an affidavit of its claim-loss supervisor in reply in which facts are stated concerning payment of the claim by St. Paul to Prassel. It also states St. Paul had no knowledge of the prior suit between Van Delden and Prassel.

█ Most significantly, the record does not contain the original pleading filed by Van Delden in the first suit. Without proof of the original pleading in that case, it is impossible to know what was a compulsory counterclaim in that suit. In order for Van Delden to establish that the subrogation claim now asserted by St. Paul in the name of Prassel was a compulsory counterclaim in the first suit filed by Van Delden, it was incumbent that it show what was originally pled in the first suit. The copy of the counterclaim in the first suit does not supply the answer. The failure of St. Paul to point out this defect in Appellees' summary judgment proof is of no consequence because there is no duty on the non-movant at the summary judgment hearing where the movant's proof is not sufficient to support its summary judgment. Summary judgments are not granted upon default of the non-moving party. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). Having failed to establish as a matter of law that the claim now asserted was a compulsory counter-

**544**

claim in the original suit filed by Van Delden, we sustain Appellant's Point of Error No. 1.

It is also asserted that Rule 97(a) does not apply because St. Paul was not a "pleader" in the first suit and did not have notice of that suit, and was under no obligation to intervene and protect its rights in that suit. St. Paul relies upon the holding in *Price v. Couch*, 462 S.W.2d 556 (Tex.1970). The Court, in that case, left unanswered the issue which could control the decision in this case. Initially, the Court recognized that Rule 97(a) does not require a property damage carrier who is not a "pleader" in another case to intervene in such other case filed against its insured. But the Court left unanswered the issue of whether an intervention is necessary in such a case where the insured files a counterclaim for damages which have not been assigned under subrogation.

■ In our case, the insured, Prassel, did file a counterclaim against Van Delden in the first suit for damages resulting from breach of contract. St. Paul now sues Van Delden for damages resulting from negligence in the work performed under that same contract. Our record reflects that St. Paul did not know of Van Delden's original suit. The record is silent as to whether Van Delden knew of St. Paul's subrogation rights. Where such rights are known, one may by appropriate action protect from subsequent claims. See *Fort Worth & Denver Ry. Co. v. Ferguson*, 261 S.W.2d 874 (Tex.Civ.App.—Fort Worth 1953, writ dism'd). If a party does not seek to protect itself from such claims, it should not be heard to complain when they arise. With today's discovery procedures, there should be no difficulty in determining when subrogation rights exist. Apparently, no inquiry was made in this case.

■ In *Southern Pacific Transport Co. v. State Farm Mutual Insurance Co.*, 480 S.W.2d 59 (Tex.Civ.App.—Corpus Christi 1972, no writ), the Court refused to apply the doctrine of res judicata in a subrogation suit where the jury failed to find that the insurer had notice of a prior suit by the

insured. The Court, in that case, noted that notice was necessary before the doctrine against splitting causes of action would be applied, and that the burden is on the party asserting the defense. That rule makes good sense. We conclude that since Van Delden did not seek to determine whether subrogation rights existed and then join the real party in interest, and does not now contest St. Paul's position that it had no knowledge of the first suit, then Rule 97(a) does not apply to the insurer, even though its insured filed a counterclaim in the first suit. Points of Error Nos. 2 and 3 are sustained.

The judgment of the trial Court is reversed and the case is remanded to the trial Court.