**Joan CARSON, Appellant,**

v.

**INDUSTRIAL UNDERWRITERS IN-
SURANCE COMPANY, Appellee.**

No. 6017.

Court of Civil Appeals of Texas,
Waco.

Sept. 6, 1979.

Rehearing Denied Oct. 4, 1979.

Phillip A. Pfeifer, Fisher, Roch & Gallagher, Houston, for appellant.

Mike Phillips and Susan Crowley, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

P. J. Murphey Harmon, Hutcheson & Grundy, Houston, for intervenor.

OPINION

McDONALD, Chief Justice.

This is a workmen's compensation case. Joan Carson was an employee of Congregation Emanu El and Industrial Underwriters was the insurance carrier. Plaintiff Carson alleged she sustained an injury within the course and scope of her employment on March 24, 1974. Trial was to a jury.

The jury in answer to Issue 1), failed to find that plaintiff Carson was injured on or about March 24, 1974. Issue 2 was submitted conditional upon an affirmative finding to Issue 1. The jury, however, disregarded the court's instructions, and answered Issue 2), failing to find that plaintiff Carson was injured in the course of her employment for Congregation Emanu El.

The trial court rendered judgment plaintiff take nothing (and set aside a prior award by the Industrial Accident Board for plaintiff).

Plaintiff appeals on 3 points. Point 1) asserts:

The jury's failure to find that Joan Carson received an injury on or about March 24, 1974, is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Joan Carson is a 45 year old married woman; is a certified religious school teacher in the Jewish faith; and for two years prior to March 24, 1974 worked five days a week at the Jewish Community Center teaching four to five year olds; and worked one day a week at Congregation Emanu El teaching religious school to four and five year old children. Her job at both places required her to physically participate in all the activities of instructing young children including running, crawling, lifting, bend-

ing, carrying and swimming. She was physically able to do all these things before March 24, 1974.

In the early 1960's Mrs. Carson fractured her coccyx but recovered from this injury with no problems. She had no prior injury to her low back affected by the accident on March 24, 1974. She had surgery for a bladder obstruction in the early 1960's and later surgery for appendicitis, removal of ovarian cysts, tubulos pregnancy, hysterectomy and breast tumor. There was no testimony any of these conditions contributed in any way to her back problems. Plaintiff, and two other witnesses testified she was physically able to do and did the active job of teaching young children before March 24, 1974.

On March 23, 1974 plaintiff purchased supplies needed to construct "Passover Plates" for the children. The next morning she prepared the materials and placed them in a large grocery bag, which she described as "very cumbersome", behind the driver's seat of her two-door automobile; drove to the parking lot at Congregation Emanu El; arrived at about 9 AM; parked; released her seat belt; and "took my left hand and opened up the door to the car, and in one twisting motion reached around and in back of the seat, and grabbed the bag with both of my hands, and I pulled it, and as I pulled it up it stuck because it was so full. So I gave it a big pull, and it came out. I stood up, out of the car, and immediately I said 'oh, my back', and I felt this very sharp pain down my back, into my leg". The pain was very severe; she reported her back injury to Mrs. Kaplan, the principal; and also told her student assistant of her injury. Mrs. Burkom, plaintiff's supervisor, testified plaintiff told her "that she had in reaching to bring her supplies out of her car into her classroom, as she got out, injured her back", and that she observed plaintiff was permitting her assistant to do the direct teaching on March 24th.

Plaintiff testified her pain intensified, and on the following day March 25, 1974 she went to Dr. Glassman, an orthopedic surgeon. Dr. Glassman testified plaintiff described her accident: "[she] was getting out of a car and twisted as she was trying to get out, and had immediate pain radiating into her left hip and leg". Dr. Glassman examined her and testified "she was obviously in pain and distress"; and diagnosed her condition as a "herniated nucleus pulposus, lumbosacral spine". She continued to worsen and was hospitalized from June 6 to June 25, 1974; but the pain increased and she was readmitted to the hospital on July 16, 1974, and Dr. Glassman performed a lumbar laminectomy at two levels, removed the disc L5–S1 and decompressed the nerve at one space higher. Dr. Glassman testified the surgery was made necessary by the incident on March 24, 1974 in plaintiff's getting out of the car. Plaintiff's pain did not abate and she was again hospitalized in February 1975; and again in May 1976 when the disc at L4–L5 was removed, the nerve roots decompressed, and another laminectomy and low back fusion performed. At time of trial she was unable to do housework or perform any of her former activities as a teacher at either the Jewish Community Center or Congregation Emanu El.

It is undisputed plaintiff was carrying all of her teaching duties without manifestation of pain or complaint, prior to March 24, 1974; that she testified she injured her back by twisting when unloading school supplies and getting out of her car on March 24, 1974; that she reported the accident to her supervisor and principal that morning; that her supervisor observed her not teaching but allowing her assistant to teach in her place and she said her back hurt too bad because of her accident to teach; that the next day she went to the Doctor; told him her pain was caused by twisting while getting out of her car. She got no better with conservative treatment; had a back operation in July 1974; still got no better, and later had a second back operation; and at date of trial could not perform household or teaching work. And there is no evidence plaintiff did not receive an injury at the time and in the manner she described.

From the record as a whole we think the jury's answer to Issue 1 contrary to the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660; *Mackey v. Gulf Ins. Co.*, Tex.Civ.App. (Amarillo) NWH, 443 S.W.2d 911; *Thomas v. International Ins. Co.*, Tex.Civ.App. (Waco) NWH, 507 S.W.2d 286; *Thomas v. International Ins. Co.*, Tex.Civ.App. (Waco) 527 S.W.2d 813; *Coty v. Home Indemnity Co.*, Tex.Civ.App. (Waco) NWH, 494 S.W.2d 645; *Macias v. Texas Employers' Ins. Assn.*, Tex.Civ.App. (Waco) NRE, 546 S.W.2d 359.

Plaintiff's Point 3 asserts the jury's failure to find Joan Carson was injured in the course of her employment is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Defendant by cross point asserts the trial court erred in denying its motion for instructed verdict because there was no evidence to support the submission of Special Issue 2 regarding course and scope of employment.

The trial court instructed the jury that "injury in the course of employment means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon employer's premises or elsewhere. An injury occurring while travelling to or from work is not in the course of employment unless the employee is performing a service in furtherance of the employer's business with the express or implied approval of the employer".

Plaintiff testified the Congregation did not have the special supplies needed to construct the "Passover Plates" she intended to make during her class on March 24, 1974; that the supervisors of the school expected the teachers to obtain their materials on their own and bring them to school; that she shopped and obtained the necessary materials; worked on them at home early on the morning of March 24; loaded them in a bag in her car, and was injured removing them from the back seat of her car in the parking lot of the school; that she would not have been able to do her job if she had not brought these materials with her and if she had not reached behind her seat to remove them from her car.

Plaintiff's supervisor, Mrs. Burkom, testified the teachers did their own preparation of materials at home and brought them to school when they came; that it was a part of the teacher's job to bring supplies to school; that the Congregation asks its teachers to provide any materials beyond the normal materials of paste, scissors, construction paper and crayons; that the Congregation has no staff to purchase these kinds of special materials, so the teachers did it themselves and were reimbursed for what they brought in; that a teacher's bringing in supplies to the school furthered the purpose of educating the children.

■ An injury is held to be in the course of a workmen's employment if in going to or returning from his place of employment he undertakes a special mission at the direction of his employer, or performs a service in furtherance of his employer's business with the express or implied approval of his employer; or is engaged upon some mission incidental to his employment, of substantial benefit to, and with the express or implied approval of his employer. *American Gen. Ins. Co. v. Coleman*, 157 Tex. 377, 303 S.W.2d 370; *Texas Gen. Indem. Co. v. Bottom*, Tex., 365 S.W.2d 350.

We think the jury's answer to Issue 2 is against the great weight and preponderance of the evidence.

■ Plaintiff's Points 1 and 3 are sustained; and defendant's cross point is overruled.

REVERSED and REMANDED.