**Joe S. PARKER, Jr., Appellant,**

v.

**EQUITABLE GENERAL INSURANCE COMPANY, Appellee.**

**No. 10–82–084–CV.**

Court of Appeals of Texas, Waco.

Oct. 6, 1983.

Rehearing Denied Nov. 3, 1983.

Betty Denton, Waco, for appellant.

J. Frank Kinsel, Jr., Beverly Willis, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Parker from a judgment in a worker's compensation case. Plaintiff sued defendant Insurance Company for compensation for an alleged back injury. Judgment was rendered based on a jury verdict of 4 weeks of total incapacity plus medical expenses and plaintiff appeals.

Plaintiff alleged he suffered injuries in the course and scope of his employment on June 22, 1981, at the Plantation Foods turkey farm near Lexington in Lee County, Texas.

Trial was to jury which found:

(1) Plaintiff received an injury on June 22, 1981.

(2) Such injury was received in the course of his employment with Plantation Foods Inc./Lacy Feed Company.

(3) Such injury was the producing cause of total incapacity.

(4) The beginning date of such total incapacity was June 22, 1981.

(5) Such total incapacity was or will be temporary.

(6) Such total incapacity continued for 4 weeks June 22, 1981, to July 21, 1981.

(7) Such injury was not the producing cause of any partial incapacity.

The trial court rendered judgment on such verdict for plaintiff for 4 weeks of accrued compensation ($532.00) plus interest ($21.28) plus $385.00 medical expenses.

Plaintiff appeals on 1 point asserting the jury's finding that [plaintiff's] total incapacity continued for only 4 weeks is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Plaintiff [age 42] went to work for Plantation Foods as a farm manager in July 1980. He was given a pay raise in January 1981. He and his family lived on the farm where he worked. He maintained all of the equipment on 2 farms, maintained the fences, supervised 4 employees, medicated and fed about 120,000 turkeys and saw that things were kept up and in working order.

On June 22, 1981, plaintiff was working 5 or 6 feet above the ground atop a grainavator when he slipped and fell injuring his head and back. He went to the emergency room at Johns Clinic in Taylor that same day. Dr. Pullen treated him and found "a defused area of swelling over the same general location and pain around the left sacroiliac area and along the iliac crest". He prescribed Zomax, bedrest and a heating pad. Dr. Pullen saw plaintiff 3 days later, noted plaintiff complained of soreness, and that X-rays revealed disc disease of L4, L5 inner space and contusion to the left lower back. Plaintiff went back to Dr. Pullen on July 8, 1981. Dr. Pullen noted, "I believe he has a contusion to the dorsal roots of about L–4, L–5 disc perhaps also to the cutaneous nerves involving the same area. Dr. Novosad saw plaintiff at the Johns Clinic on July 13, 1981, and again on July 20, 1981, when he released plaintiff to go back to work. Dr. Novosad at trial 7½ months later testified he never treated plaintiff for his back, but for burns incurred when he used the heating pad, and that he would not undertake an opinion as to plaintiff's condition at time of trial. Plaintiff wanted to go to another doctor so his employer made an appointment for him to see Dr. Gassler, an orthopedist in Waco. Dr. Gassler found that plaintiff suffered pain in the right lumbosacral region. Dr. Gassler noted "the job he has will be uncomfortable, but I believe he can make it because he is his own boss, and can work as he will. If he does not make it, I will be glad to see him again."

Plaintiff went back to work the following day, worked 2 hours but could not handle the work and called *Plantation Foods* to inform them. Later that day plaintiff's supervisor terminated him because "he was not able to do the job and the turkeys were out of feed."

Plaintiff then went to Dr. Stockton. Dr. Stockton examined plaintiff, X-rayed his back, treated him and testified on trial about the presence of an osteoarthritis spur with a hook on it which involved the right facet joint at L4 and L5; that in his opinion the fall described by plaintiff aggravated the arthritic condition and that the fall of June 22, 1981, was the producing cause of total incapacity which was permanent. Plaintiff testified on trial that he was unable to work.

From the record as a whole we think the jury's finding that plaintiff's total incapacity continued for only 4 weeks is so against the great weight and preponderance of the evidence as to be wrong and unjust. *Macias v. Texas Emp. Ins. Assn,* CCA (Waco) NRE, 546 S.W.2d 359; *In re King's Estate,* S.Ct. 150 Tex. 662, 244 S.W.2d 660; *Thomas v. International Ins. Co.,* CCA (Waco) NWH, 507 S.W.2d 286; *Thomas v. International Ins. Co.,* CCA (Waco) NRE, 527 S.W.2d 813; *Robinson v. Charter Oak Fire Ins. Co.,* CCA (Waco) NRE, 551 S.W.2d 794; *Texas Gen. Indemn. Co. v. McKay,* CCA (Waco) NRE, 595 S.W.2d 884.

Plaintiff's point is sustained.

REVERSED and REMANDED.