### LOUGHRY v. HODGES et al.
### No. 14987.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 19, 1948.

Rehearing Denied Dec. 17, 1948.

Rawlings, Sayers & Scurlock and Nelson Scurlock, all of Fort Worth, for appellant.

Lattimore, Couch & Lattimore and H. S. Lattimore, all of Fort Worth, for appellee Hugh Hodges.

Cantey, Hanger, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellee Harris-Seybold Company.

SPEER, Justice.

This is an appeal by W. S. Loughry from an adverse judgment in the District Court of Tarrant County, wherein appellee Hugh Hodges sued him for damages resulting from cutting off the end of his little finger while using a paper cutter in appellant's printing plant.

It is sufficient to state that by appellee's petition it is charged that he was an employee of appellant in the latter's printing plant, charged with the duty, among other things, to cut paper stock on a power paper cutter; that the machine was defective in mechanism, was out of repair and that appellant had full knowledge thereof; that appellant had failed to use ordinary care to furnish to appellee a machine reasonably safe for him to work with and to perform the duties assigned to him; that because of the negligence of appellant the machine failed to properly function while being used by appellee in the course of his employment, with the result that the machine severed the end of his little finger on his left hand; that the severed finger became infected, causing his whole hand and arm to give him much pain and suffering; that as a result thereof he lost time from his labors and consequent wages; that the said injury to the little finger caused it to remain very sore and sensitive to touch and the third and middle fingers on the same hand became stiff and partially paralyzed, all of which has and will continue to cause him to suffer and lose wages in the future.

Appellant defended the suit upon a answer of general denial and special pleas to the effect that the machine was a modern one, was in perfect condition, that such injury as was sustained by appellee resulted from his own negligent acts in operating the machine when the safety device was released, which negligence was the sole proximate cause of the accident and that the accident occurred at a time when appellee was looking about the shop instead of keeping his eyes on his work and that said

negligent acts were the sole proximate cause of such injury as he sustained.

The case was submitted to the jury on special issues; the verdict was favorable to appellee; judgment was entered on the verdict and this appeal followed.

Appellant relies upon seven points of error. We have given careful attention to all and have concluded they should be overruled, and we will presently give our reasons for these conclusions.

■ Appellant's first point of error complains because the court refused to submit his requested instruction for a verdict in his favor. The motion gave reasons as required by Rule 268, Texas Rules of Civil Procedure. The substance of his reasons was that the testimony shows conclusively that appellee's injuries resulted from his own contributory negligence.

The paper cutting machine with which appellee was injured was a comparatively new type installed about eleven months previously; its construction and operation were described minutely by the witnesses; it had a safety lock controlled by a collar and coiled spring on a bolt or rod, held by a set screw, and if the screw became loose it would not lock. It is certain that it had been out of repair on two occasions before the accident and appellee said "many times" and that he had so advised both the appellant and the superintendent, Mr. John; appellant and the superintendent denied they had been so informed by appellee more than one time just a few weeks after the machine was installed.

The testimony on the subject was conflicting, at least it was not conclusive. It was far from being all one way, and not such as that reasonable minds could not differ in conclusions reached therefrom. The issue of contributory negligence was submitted to the jury and resolved against appellant; another point is based on that issue and will be discussed later in this opinion.

Under the record in this case we think the court properly refused the motion for an instructed verdict. So much has been written by our courts on the subject of instructed verdicts that we feel no use-

ful purpose would be served by a repetition here. This court collated many of the authorities on the subject in Texas Employers' Insurance Ass'n v. Ferguson, Tex. Civ.App., 196 S.W.2d 677, writ refused NRE and we cite that case and the authorities cited in support of our herein expressed conclusions.

■ Points 2 and 3 relate to the same matters and will be discussed together. They are, substantially, (2) the jury finding in response to special issue No. 4 that appellee was not negligent at the time he turned his head away from his work at the cutter and reached for the paper stock, has no support in the testimony; and (3) * * * was contrary to the overwhelming weight and preponderance of the testimony.

In determining if there is any evidence to support a jury finding, we must view all of the testimony in the light most favorable to the verdict, giving it every reasonable construction to which it is susceptible. Long-Bell Lumber Company v. Bynum, 138 Tex. 267, 158 S.W.2d 290. There was evidence in this case to the effect that the cutter had "double tripped" (repeated its cutting stroke) at intervals prior to the time of this accident but would sometimes function properly for similar periods; that in each instance when it was inspected after "double tripping", it was found that the set screw in the collar on the safety locking bolt was loose; that appellee knew nothing about how to fix it and had never had any occasion to learn how to remedy it. There is no testimony tending to show that he knew or had any reason to believe it was out of repair on the occasion of the accident. Mr. John, the superintendent and next in authority to appellant, had found it out of repair the day before the accident and repaired it. Appellee was responsible for the operation of three automatic presses which were running immediately behind him and that it was his duty to watch them at all times; there was no danger in the cutter so long as the safety locking device functioned properly. In so far as the testimony shows, on the date in question, it operated properly until the time it "double tripped" and caught appellee's

finger. Under these circumstances the jury found he was not negligent when he turned his head to watch the presses as was his duty under the testimony.

■■■ Contributory negligence, of course, is one form of negligence, most frequently arising when a plaintiff is negligent; it rarely becomes a question of law but is usually one of fact. If it be shown that a person pursues a course of known danger and exercises no degree of care for his own safety, he may be said to be guilty of contributory negligence as a matter of law, but when he exercises some degree of care then· it becomes an issue of fact as to whether the care so used was such as would have been used by a person of ordinary care under the same circumstances. Texas & N. O. Ry. Co. v. Blake, Tex.Civ.App., 175 S.W.2d 683, writ refused; Texas & P. Ry. Co. v. Day, Tex.Sup., 197 S.W.2d 332, and cases cited in each.

■■ The evidence was sufficient to require the submission of the issue to the jury and to support its findings.

■■ Point 4 complains of explanatory charges given in connection with special issue No. 6, which inquired of the amount of damages sustained by appellee. The issue was in the usual form and is not criticized by appellant. The two explanatory charges upon which this point and point No. 5 are predicated read:

"You may consider loss of wages if any you believe from a preponderance of the evidence the plaintiff has sustained; and you may consider loss of wages if any such loss of wages you believe from a preponderance of the evidence he will sustain in the future, of which the loss of a portion of his finger is the proximate cause.

"You may consider loss of wages if any the plaintiff has sustained of which the injuries to his third and middle finger are the proximate cause; and such loss of wages if any you believe from a preponderance of the evidence plaintiff Hodges will sustain, up to August 1, 1948, and not thereafter, of which the injuries to his third and middle finger are the proximate cause."

Complaint is made under point 4 that the second one of the quoted charges is up-

on the weight of the evidence in that it assumed appellee had sustained loss of wages by reason of injury to the third and middle fingers, when it was an issue of fact whether or not this was true. This contention presents a dual phase. First, did he sustain a loss of wages because of injuries to his third and middle fingers? And second, if so, were there any facts or circumstances before the jury to corroborate appellee's uncontradicted testimony in this respect? The charge does not assume that appellee had lost any wages because of injuries to these two fingers but leaves the question open for the jury's determination by inserting the saving clause "if any."

■ In the next place appellee testified definitely and without contradiction that his third and middle fingers had been made stiff and almost useless in his work by reason of the infection of his left hand and arm when his little finger was cut off. He said that with a hand and fingers like his it was next to impossible for a printer to procure employment and do his work. He also said that his wages were less with the new concern since the injury than they were with appellant.

In Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908, this language is used: "It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, in accuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." The court cites with approval the holding in Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788.

■ Under the rule announced in the two last cited cases, if appellee's testimony as to injury to his third and middle fingers has no corroboration in the testimony it presented only a jury issue, and could not

be treated by the court as an established fact, while upon the other hand if it is corroborated and undisputed the trial court could assume that it was an established fact as a matter of law.

■ The record reveals that appellee plead his loss of wages from loss of the use of the two fingers now under consideration. In addition to appellee's testimony relating to the third and middle fingers at the trial nearly seven months after the accident, an exhibit of the affected fingers was made to the jury and several demonstrations were made testing their functions and uses by appellee, which afforded to appellant an opportunity to observe them, and if appellee's testimony in regard to his fingers and the demonstrations made had been doubted, appellant made no effort to procure expert testimony to contradict appellee. No request was made for time in order to procure controverting evidence on the subject. Appellee's wife and mother-in-law testified in detail, as did appellee, that after the accident appellee's finger became badly infected and that the infection spread to his whole hand and arm; that his hand and arm were badly swollen, broke out in clear blisters, peeling off with each treatment down to the bone, as one witness expressed it; that red streaks extended up the arm and his whole body broke out with "welts" and he could not bear anything to touch him; all testified to his intense pain and suffering.

We believe that in these circumstances this case falls well within the exception to the general rule as announced in Cochran v. Wool Growers Central Storage Company, supra; and that the trial court was authorized to treat the matter of injury to the third and middle fingers as an established fact.

■ The fifth point complains of the explanatory charges given in connection with the sixth issue because they authorized a double recovery. We have previously quoted the offending charges and when fully analyzed we think they are not susceptible to the construction given them by appellant.

■ The sixth point asserts error because the trial court refused to declare a mistrial upon appellant's motion because appellee's counsel "persisted in bringing out before the jury that defendant (appellant) had offered to make a compromise settlement."

The record shows that after the accident considerable feeling of distrust of each other arose between the parties. On the afternoon of the accident appellee and his wife went back to the printing office to get his pay check and while there they went to the front of the office and appellee testified "he (appellant) said he would give me $50.00." Appellee's counsel then said, "Well, I don't care about that. Was anything said about the accident?" Appellant began an objection but before he stated his ground appellee's counsel said, "I agree, it should not be told." Upon request by appellant the jury was instructed not to consider it. The appellant then moved the court to declare a mistrial, which request was refused by the court.

The testimony as a whole reveals that after the accident much animosity had been engendered between the parties needless to mention all of it. Appellee went into the plant at one time to get the number and name of the paper cutter, he had written it down and appellant approached him and snatched the paper out of his hand. In referring to the incident appellant expressed himself rather freely, which was not complimentary about appellee and counsel for appellee then asked him this question, "Now the facts of the matter are when he (appellee) came back you made him an offer to settle the matter and he rejected it and that is what made you mad, isn't it?" Objection was offered and was sustained and the jury instructed not to consider the question. Motion for mistrial was renewed and overruled In so far as we can find the two occasions mentioned are the only times the matter was referred to. The first time appellee's statement was not responsive to the question. The conduct of counsel on the second occasion was obviously improper. Reviewing courts will not reverse judgments merely because some improper proceedings were had. In D. & H. Truck Line v. Lavallee, Tex.Civ.App., 7 S.W.2d 661, at page 665, writ refused, this was said: "Re-

versal of a trial court's judgment should only be ordered where necessary to protect the substantial rights of a litigant. It should never be ordered merely as a penalty for the violation of some rule, even though the violation be flagrant and unprovoked. Such circumstance is material only in determining the probability of deleterious effect. The error, to warrant reversal, must be prejudicial, and, where it does not appear with reasonable probability to have been so, it is harmless under rule 62a." Rule 62a referred to is now embraced within Rule 434, T.R.C.P.

 The court acted promptly in each of the mentioned instances and instructed the jury not to consider the matters and we think this cured any possible harm that might have followed.

The seventh and last point claims the judgment of $4,000.00 was excessive in amount. The amount of the judgment may not be determined alone by what the trial court or the reviewing court might have awarded had they been charged with that responsibility.

By way of argumentative comparison, appellant's counsel refers to the limited amount that would have been allowed appellee under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., as a special injury from losing the last joint of the little finger. There is a marked difference in compensation allowed under the Workmen's Compensation Law and that recoverable under common law liability; one of which differences is that if appellee's claim had been for Workmen's Compensation he would have been relieved of proving negligence. In this connection we also note that the record shows appellant had more than three employees yet did not carry Workmen's Compensation. He perhaps thought it to his financial advantage not to do so.

There is no definite yardstick by which damages in cases of this character may be measured. The amount of damages may not be determined alone by what the trial court or reviewing court would have awarded had they been sitting as the triers of facts. It is difficult for either court or jury to set a monetary value of damages for a physical injury. It is, in the nature of things, highly speculative and is usually controlled by the judgment of those called upon to determine it. In the absence of anything to indicate that the jury was prompted by improper motives it must be presumed that they arrived at the amount awarded from honest deductions made from the testimony. Lambert v. Lancaster, Tex. Civ.App., 259 S.W. 270, writ dismissed; Schaff v. Young, Tex.Civ.App., 264 S.W. 582, writ refused; D. & H. Truck Line v. Lavallee, Tex.Civ.App., 7 S.W.2d 661, writ refused; Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, judgment correct. The trial court heard the testimony, saw the demeanor of the witnesses, saw the physical demonstration made of appellee's fingers and thereafter declined to grant a new trial because of the amount of the verdict and thereby effectively gave that part of the verdict his approval; we see no abuse of discretion upon his part and we decline to disturb it on a claim of excessiveness.

Finding no errors in the record worthy of a reversal of this judgment, it is our order that it be affirmed.