**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Johnnie YOUNG, Appellee.**

**No. 3740.**

Court of Civil Appeals of Texas.

Waco.

May 5, 1960.

Rehearing Denied May 26, 1960.

Arterbury, Hoover & Graham, Houston, for appellant.

Helm, Jones, McDermott & Pletcher, Houston, for appellee.

WILSON, Justice.

In this F. E. L. A. case appellant contends there is no evidence to support negative jury findings as to appellee's failure to properly hold on to a handrail and to have himself properly braced at the time he was thrown from a railroad tank car.

Appellee was riding on the left side of the leading car of 19 which were being pushed by appellant's locomotive, engaged in switching and spotting operations. He, and other witnesses testified he was holding firmly and tightly with both hands to a handrail, with his feet planted firmly on the catwalk. His evidence was he was "braced as good as I possibly could be," when a sudden violent jerk, caused by emergency application of brakes and an unexpectedly violent slack or buffer action threw him from the car. Appellant relies on the fact that fellow-employees were not thrown off, and therefore, if appellee "had been holding on as he said he was, he simply would not have been thrown off." The other crew members were on the opposite right side of the car. One of them

gave a slow signal to the engineer, and those on the right side obviously had some opportunity for notice and warning which appellee on the left side did not have. A summary of much other evidence from several hundred pages of the record adequately supporting these findings would not be helpful. This point, and that asserting the findings are contrary to the overwhelming preponderance of the evidence, are overruled.

■ Appellant says the $75,000 damages awarded is so grossly excessive as to manifest deep-seated prejudice and is against the overwhelming preponderance of the evidence. That the amount is substantial cannot be doubted; but so is evidence of appellee's injuries. His age was 34 years. Life expectancy was stipulated to be 34 years. He had a prior 10% combat injury disability from military service and limited education and ability for other occupations. The accident occurred 2½ years before trial. He was thrown several feet to the ground and the railroad tank car ran over his foot which then "looked like a bloody football." Multiple complete fractures of six bones were sustained. The foot felt like "a blow torch" was on it. He was initially hospitalized 42 days having five hospital confinements. There was a question as to whether the foot would require amputation. Surgery was performed. Disability to the foot was estimated by one of appellant's medical witnesses at 40% to 50%; by another as total, with prospects of improvement to 50%. A special type shoe was prescribed. He and other witnesses made it doubtful that he could resume his former employment.

Appellee had severe back pain for which he first was treated with heat and traction. A myelogram was performed which indicated possibility of a herniated disc. An exploratory operation was suggested, but appellee did not consent. Appellant points to opinion evidence that back pain and incapacity were due to a congenital spinal defect and malposition, inability to walk or mechanical results of limping or walking with crutches, which is temporary. These opinion witnesses interpreted X-rays as showing no compression of vertebral interspaces. Appellee's opinion evidence was to the effect the X-rays showed lumbar disc compression, spinal curvature caused by injury, dislocation of the spinous process and possible herniated disc. It reflected nerve root irritation. Appellee was totally and permanently disabled to do manual labor as a result of the back condition alone, under this evidence.

Appellant's position is epitomized by asking us to hold that "in view of the testimony by competent medical doctors" adduced by it, "the testimony of the chiropractor" is of no probative value. It urges, in effect, that we pass on credibility and weight to be given testimony. This position also overlooks the supporting lay testimony in the record and the fact that the testimony of its own witnesses in some measure supports the verdict.

Appellee's actual average earnings had exceeded $600 per month. His last annual income was $8,000. The record contains much evidence of pain during the long period before trial, a reasonable probability of future suffering, actual loss of earnings and evidence of diminished earning capacity. The record does not justify our holding the verdict is excessive.

The judgment is affirmed.