**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Albert A. PAPE, Jr., Appellee.**

**No. 3731.**

Court of Civil Appeals of Texas.

Eastland.

June 1, 1962.

Rehearing Denied July 13, 1962.

Groce & Hebdon, San Antonio, for appellant.

Robert B. O'Connor, San Antonio, for appellee.

WALTER, Justice.

Albert A. Pape, Jr., filed suit against Missouri Pacific Railroad Company under the Federal Employers' Liability Act. Based on a verdict, judgment was rendered in favor of Pape for $70,800.00.

Th railroad has appealed contending the judgment is excessive. Pape was on the brake platform on a boxcar working as a switchman in the San Antonio yards at the time of his accident. The boxcar that he was on sideswiped another boxcar. The accident occurred on May 6, 1960. As a result of this accident Pape sustained the following injuries: (1) Indirect inguinal hernia on the left; (2) destruction of the medial femoral cutaneous nerve to the left side; (3) a large scar in the thigh of the left leg; (4) edema (swelling) of the left leg due to circulatory disturbance of the left lower extremity; (5) probable herniated disc at the 4 and 5 lumbar level on the left, and (6) elevated blood pressure. His wit-

ness, Dr. Halfer, testified to these facts as a result of his examination of November 19, 1960.

Dr. Halfer also examined Pape in December of 1960 and January and February of 1961. He saw him again on the first day of the trial. He testified that Pape still had tenderness along the edge of the thigh; that the scar where the abscess was, had lessened in depth; that Pape still had some weakness in his left leg; that he had a tender neuora and that the herniated disc condition had cleared; that in his opinion Pape could not work in such condition; that he should not have surgery to repair the hernia for from one to one and one-half years after the abscess had cleared. Dr. Halfer referred Pape to Dr. Milton Jacobs who specialized in internal medicine. Dr. Jacobs testified that he saw Pape in February 1961 and found the following: Elevated blood pressure; edema (swelling) of the left leg; scar on the calf, left buttock and left thigh, (in this connection, the scar on the thigh was painful to palpation and "quite deep"); left inguinal hernia.

Pape's testimony was substantially as follows: On May 6, 1960, while working for the railroad as a switchman, he was struck on the left hip by a boxcar which injured his left buttock, broke his left knee and ankle and his left side was badly bruised. He spent twenty-three days in the hospital. Following his initial stay in the hospital, he spent two weeks at home and was forced to return to the hospital to have an abscess drained, at which time he stayed five days. After the abscess quit draining, he was given whirlpool and therapy treatment. He responded favorably to the whirlpool treatment but the therapy treatment enlarged his hernia. When he would lift his leg, it strained him and caused his hernia to pop out. At the time of the trial he still had a dull ache in his leg. He had not worked or earned any money since his accident. He has tried to mow the lawn and sweep the floors around the house but had to quit. He spends most of his time sitting around the house and washing dishes and

making up the beds, but that is not easy for him to do because he gets nervous and aggravated. His leg still hurts when it swells, it feels tight and throbs because of pain. He sleeps about three hours at a time and then wakes up about three hours and constantly worries about his condition and about supporting his family.

Pape was forty-four years of age at the time of trial. He earned $5,200.00 per year and had a life expectancy of 27.71 years. He had been employed by the railroad for eighteen years.

The only point urged by the railroad is that the judgment is excessive. On this subject the court in Loughry v. Hodges et al., Tex.Civ.App., 215 S.W.2d 669 (Writ Ref. N.R.E.), said:

"There is no definite yardstick by which damages in cases of this character may be measured. The amount of damages may not be determined alone by what the trial court or reviewing court would have awarded had they been sitting as the triers of facts. It is difficult for either court or jury to set a monetary value of damages for a physical injury. It is, in the nature of things, highly speculative and is usually controlled by the judgment of those called upon to determine it. In the absence of anything to indicate that the jury was prompted by improper motives it must be presumed that they arrived at the amount awarded from honest deductions made from the testimony."

Also in the case of Missouri Pacific Railroad Company v. Handley, Tex.Civ.App., 341 S.W.2d 203 (No Writ History), the court said:

"There is no certain standard by which personal injury damages can be measured. (Cases cited). Each case must stand, more or less, upon its own facts and circumstances and a comparison with other cases and the amount of their verdicts are of little or no help.

"In Sharpe v. Munoz, Tex.Civ.App., 256 S.W.2d 890, 892, Justice Pope, speaking for this Court, said: 'The assessment of damages is the prerogative of the jury and courts impose their ideas, not as a substitute for the judgment of jurors but to control passion and prejudice.' See also, Missouri Pacific R. Co. v. Young, Tex.Civ.App., 335 S.W.2d 679."

We conclude that the amount of the judgment was not excessive compensation for Pape's damages. The railroad Company has failed to show that the verdict was not the result of calm and conscientious deliberation of the jury uninfluenced by passion or prejudice.

We find no merit in appellant's point. It is overruled.

The judgment is affirmed.