**T. J. PEEL et al., Appellants,**

**v.**

**Joseph SLOBODIN, d/b/a Safety Metals Co., Appellee.**

**No. 6671.**

Court of Civil Appeals of Texas.

Beaumont.

Aug. 13, 1964.

Cain & Cain, Liberty, for appellants.

Pitts & Benardino, Conroe, for appellee.

STEPHENSON, Justice.

This is a suit on a verified account for goods, wares and merchandise sold by plaintiff. T. J. Peel was sued individually and as Commissioner of Precinct 4 of Montgomery County and Montgomery County was also named as a defendant.

Trial was by jury and judgment was rendered upon the jury findings against T. J. Peel individually and that plaintiff recover nothing from Montgomery County. The parties will be referred to here as they were in the trial court.

Defendant Peel first complains of the action of the trial court in refusing to disregard certain issues because the answers were not complete. Whether the trial court erred in accepting an incomplete verdict is not a question of fundamental error, but is a procedural question which must have been preserved in the trial court for this court to consider it. No objection was made to the verdict being incomplete at the time it was received by the court, and the jury was discharged without objection. Ordinarily a procedural error must be preserved by timely action by the party complaining. This is true because a trial judge can usually correct his procedural errors if they are brought to his attention. There were no inconsistent findings of the jury which the court had to ignore in order to render judgment. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599. The points are overruled.

Defendant Peel contends the trial court erred in disregarding the failure of the jury to answer both parts of two issues because such issues were multifarious and duplicitous. The record does not show that any objections were made to the court's charge. Rule 272, Texas Rules of Civil Procedure, provides that all objections to the court's charge not presented to the court in writing before the charge is read to the jury shall be considered as waived. The point is overruled.

Complaint is next made that there is an irreconcilable conflict in the findings of the jury. No conflict in the answers made by the jury is pointed out to this court. This point is in reality a complaint about the failure of the jury to answer certain issues. This matter is covered by the first point in this opinion.

Judgment affirmed.

HIGHTOWER, Chief Justice, and PARKER, Justice (concurring).

We concur in the conclusions reached in the foregoing opinion but, for clarity, we point out that the issues which were answered by the jury support each element of the plaintiff's cause of action establishing the liability of defendant Peel and also providing a measure of damages.