### The UNIVERSITY OF TEXAS SYSTEM, Appellant,

v.

### Andy HAYWOOD, Jr., Appellee.

### No. 12491.

Court of Civil Appeals of Texas, Austin.

Jan. 26, 1977.

John L. Hill, Atty. Gen., David A. Talbot, Jr., Asst. Atty. Gen., Austin, for appellant.

Richard F. Jacobs, Colbert & Mullen, Austin, for appellee.

SHANNON, Justice.

This is a workmen's compensation case. The University of Texas System is appellant, and Andy Haywood, Jr., is appellee. Appellee, Andy Haywood, Jr., an employee of The University of Texas System, injured his lower back on June 13, 1975, as he was trying to catch a pipe which rolled from a truck.

The trial was to a jury. The jury answered special issue number one that the total incapacity sustained by Haywood as a result of the injury, was permanent. Judgment was entered for total and permanent disability. We will affirm that judgment.

Appellant attacks the judgment by seven points of error. Five points concern claimed error in admitting deposition testimony of Dr. D. A. Baggett.[1] Point six

---

1. The points of error concerning the admission of evidence are as follows:

   (1) "The district court erred in admitting into evidence, over defendant's objection, the testimony of Dr. D. A. Baggett relating to and regarding a herniated or ruptured intervertebral disc.

   (2) The district court erred in admitting into evidence, over defendant's objection, certain hypothetical questions regarding the possibility that plaintiff had a herniated or ruptured intervertebral disc injury, because the facts upon which the hypothetical questions were based did not include facts essential to a fair opinion.

   (3) The district court erred in admitting into evidence over defendant's objection, certain hypothetical questions regarding the possibility that plaintiff had a herniated or ruptured intervertebral disc injury, because the facts upon which the hypothetical questions were based did not include facts enabling Dr. D. A. Baggett to formulate an intelligent answer.

   (4) The district court erred in admitting into evidence, over defendant's objection, the answers of Dr. D. A. Baggett to certain hypothetical questions regarding and relating to the possibility that plaintiff had a herniated or ruptured intervertebral disc injury, because the facts upon which the hypothetical questions were based did not include facts essential to a fair opinion.

   (5) The district court erred in admitting into evidence, over defendant's objection, the an-

claims that there was insufficient evidence to support the jury's answer to special issue one. Point of error seven is that the jury's answer to special issue one was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

By counterpoint appellee maintains that appellant waived appellate consideration of the points of error concerning admission of the deposition testimony because appellant failed to properly object to that testimony.

As a part of its trial strategy appellant wished to avoid objecting to Dr. Baggett's deposition in the presence of the jury. To that end appellant undertook to object to the deposition in a pre-trial conference held immediately prior to the beginning of the trial.

Before our examination of appellant's objections, an explanation of the positions of the parties concerning Haywood's physical condition is necessary. Appellant claimed that Haywood experienced only a back strain or sprain in the accident of June 13. Appellee's effort, to the contrary, was to develop through the medical testimony that Haywood suffered a much more serious and long lasting injury, an intervertebral disc injury. The character of the back injury, of course, was highly pertinent to the duration of Haywood's disability.

The following sets out counsel's objections to Dr. Baggett's deposition.

COUNSEL: ". . . I think any mention of a disc injury is not admissible, and that is why we are objecting to major portions of the deposition.

.     .     .     .     .

"The basis of our objection is that only a doctor and not a layman can testify to a diagnosis of a back injury, and in this case there are three doctors who saw this man and there has been no diagnosis, none, no diagnosis of an injury to the disc. All of them are in

agreement that it was a muscle strain or muscle sprain.

.     .     .     .     .

"I just make one more point here, your Honor. Number one, we would like to renew our objection to the portion of Dr. Baggett's deposition dealing with a herniated disc and we want to just find out which way would be most convenient for it. We would like to have a running objection to all the testimony.
THE COURT: "This is all in the record and you will have your objection as you have stated it to any questions of or testimony of Dr. Baggett with reference to a ruptured disc.

.     .     .     .     .

THE COURT: "All of the objections that you have stated to any testimony of Dr. Baggett or any questions of Dr. Baggett with respect to herniated disc.
COUNSEL: "Yes, Your Honor, and just one final thing, Your Honor. We would like to move The Court that the facts upon which Mr. Jacobs [appellee's counsel] relies in asking his hypothetical question about a herniated disc—I think that is probably on the last page of the Direct—
COUNSEL: "—that if he does not prove the facts upon which that hypothetical question is based, we would like an instruction from The Court that they disregard all testimony regarding any kind of a herniated disc.
THE COURT: "All right. Will you present that request at the time if you think he has not?"

In the trial, appellant permitted Dr. Baggett's deposition to be read into evidence without objection. As is usual in such cases the doctor testified to the anatomy of the vertebral disc, and to the classic signs and symptoms manifested by one suffering a disc injury. Dr. Baggett also explained the physiological consequences of a disc injury to the patient and the physical limitations

swers of Dr. D. A. Baggett to certain hypothetical questions regarding and relating to the possibility that plaintiff had a herniated or ruptured intervertebral disc injury, be-

cause the facts upon which the hypothetical questions were based did not include facts enabling Dr. Baggett to formulate an intelligent answer."

most likely imposed upon the patient. Based upon such responses, Dr. Baggett was asked several hypothetical questions regarding whether or not Haywood had sustained a disc injury. The answers to the hypothetical questions tended to show that Haywood had sustained a disc injury.

■■■ A valid objection to the offer of evidence is one which names a particular rule of evidence which will be violated by the admission of the evidence. *De Garca v. Galvan*, 55 Tex. 53 (1881), *Walker v. Great Atlantic & Pacific Tea Co.*, 131 Tex. 57, 112 S.W.2d 170 (1938). The purpose of requiring a specific objection is, of course, to enable the trial court to understand the precise question and to make an intelligent ruling and to afford the offering party an opportunity to remedy the defect if possible. 1 McCormick and Ray, *Texas Law of Evidence*, § 24 (2nd ed. 1956).

■■ A reading of appellant's objections to Dr. Baggett's deposition shows that counsel did not specify a particular rule of evidence which would be violated by the admission of the deposition. Furthermore, the objection was not directed to a particular question. As a result, the trial court never had the opportunity to understand the precise objection to a particular question. By objecting generally to the deposition as a whole, appellant waived whatever complaints he may have had concerning the deposition testimony.

Points of error six and seven require a review of the statement of facts to determine whether the jury's answer of permanent disability was supported by the evidence. Andy Haywood is a twenty-four year-old laborer who has an eighth grade education. His total employment experience consisted of heavy work at Hobby Horse Stables, the Villa Capri Restaurant, and the University of Texas. For example, at the University of Texas his duties consisted of handling a jackhammer, washing walls, digging ditches, and driving a dump truck. At the time of his injury he was working as a laborer at the University's plumbing shop.

After the injury, the pain was so severe that Haywood cried. Upon examination, Dr. Baggett placed Haywood in Brackenridge Hospital where he remained for ten or eleven days. After he was released from the hospital, Haywood saw Dr. Baggett several times. Dr. Baggett prescribed pain pills and recommended that he return to work. Haywood returned to work for about three and a half days during which time he was "hurting." Haywood then was examined by two orthopedic surgeons.

After the injury Haywood has experienced pain in his back and legs when he lifts heavy things, stands for long periods of time, rides in automobiles, or sleeps. He has resorted to sleeping on the floor in an effort to ease the pain.

Being unable to continue work at the University, Haywood has endeavored to obtain other employment. He has been unable to hold a job because the pain in his back has hampered his performance of the job duties. Also, he has tried unsuccessfully to find employment involving lighter work.

Magnolia Haywood, appellee's mother, testified that Haywood was unable to do chores around the house such as moving the furniture, and mopping and waxing the floors.

At the least, the medical testimony was that Haywood suffered a strain or sprain to his lower back. Further, there was some medical testimony which supported appellee's thesis that Haywood had experienced a disc injury.

■ The jury's answer that Haywood's total disability was permanent was supported by the evidence.

The judgment is affirmed.

Affirmed.