**Maria de los ANGELES GARAY, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 13–85–294–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 31, 1985.

Rehearing Denied Nov. 27, 1985.

Frank Herrera, San Antonio, for appellant.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES, and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is a worker's compensation case in which appellant sought total and permanent incapacity due to an injury to her lower back.

On May 30, 1980, Maria de los Angeles Garay was injured while working in the course and scope of her employment as a seamstress for Levi Strauss & Company in Laredo, Texas. As reflected by the Agreement of Counsel and Order of Trial approved by the trial court, the undisputed facts and issues relevant to this appeal are as follows: (No. 3) As a result of the injury of May 30, 1980, Maria de los Angeles Garay sustained at least some period of total incapacity as that term is defined in the Texas Workers' Compensation Act; (No. 4) As a result of the injury of May 30, 1980, the beginning date of at least the total temporary incapacity began on said date; (No. 9) Maria de los Angeles Garay is entitled to receive weekly compensation benefits of $119.00 for any period of total incapacity which she may have sustained as a result of the injury in question. At trial the stipulations were "received, accepted, approved, and introduced." The jury returned a verdict, leaving blank the answer to Special Issue No. 1, which requested the jury to find the duration of total incapacity. Appellant (Plaintiff) moved for a mistrial due to the jurors' failure to answer Special Issue No. 1. Appellee suggested that the court accept the verdict. The court complied with appellee's suggestion and rendered a take nothing judgment for appellant. We reverse and remand.

Appellant brings two points of error which we will consider together for purposes of this appeal. Appellant alleges that the trial court erred when it accepted the jury verdict, entered a take nothing judgment against appellant, and overruled appellant's motion for mistrial because the jury's failure to answer Special Issue No. 1 was against the great weight and preponderance of the evidence so as to be manifestly unjust to appellant.

Appellee contends that the trial court's judgment should be affirmed because appellant's great weight and preponderance of the evidence points of error were not proper objections to the jury's failure to answer a special issue.

Special Issues Number 1 through 2C were submitted and answered as follows:

SPECIAL ISSUE NO. 1

Find the duration of total incapacity. (By answering "permanent" or by stating the number of weeks).

ANSWER: _____

If you have answered Special Issue Number 1 by stating number of weeks, then answer Special Issue Number 2; otherwise, do not answer Special Issue Number 2.

SPECIAL ISSUE NO. 2

Was the injury a producing cause of any partial incapacity?

(Answer "Yes" or "No").

ANSWER: yez (sic)

If you have answered Special No. 2 "Yes", then answer Special Issue Numbers 2A, 2B, and 2C; otherwise, do not answer Special Issue Numbers 2A, 2B, and 2C.

SPECIAL ISSUE NUMBER 2A

Find the beginning date of partial incapacity. (By stating the month, date, and year).

ANSWER: May 30, 1980

SPECIAL ISSUE NUMBER 2B

Find the duration of partial incapacity. (By answering "permanent" or by stating the number of weeks).

ANSWER: permanent

SPECIAL ISSUE NUMBER 2C

Find Maria de los Angeles Garay's average weekly earning capacity during partial incapacity. (By stating in dollars and cents).

ANSWER: 150.00 wkly (for 52 weeks)

▮▮▮ A specific objection is one which enables the trial court to understand the precise question and to make an intelligent ruling, affording the offering party an opportunity to remedy the defect if possible. *University of Texas System v. Haywood*, 546 S.W.2d 147 (Tex.Civ.App.—Austin 1977, no writ). In this case, it seems clear that the trial court understood the objection to the answers to the charge by way of appellant's motion for mistrial and could have remedied the problem, especially in light of the instructions and stipulations. In failing to answer Special Issue No. 1, the jury impliedly found the answer to No.

1 to be "none" or "zero," which were not options given under the charge or stipulations. Special Issue No. 1 could only be answered by writing "permanent" or "by stating the number of weeks" of total incapacity. We believe such an answer or failure to answer was against the great weight and preponderance of the evidence and that the court erred in failing to grant appellant's motion for mistrial and erred in entering a take nothing judgment.

This court cannot ignore the stipulations made in the trial court regarding appellant's total incapacity. We agree that, as a general rule, the question of the extent and duration of an injury is a question for the jury. *Texas Employers' Insurance Association v. Scott*, 233 S.W.2d 171 (Tex.Civ.App.—Amarillo 1950, writ ref'd n.r.e.). However, as noted in *Lewis v. Commercial Insurance of Newark, New Jersey*, 566 S.W.2d 98, 100 (Tex.Civ.App.—Beaumont 1978, no writ), a jury cannot ignore the undisputed facts, and the undisputed facts here show that claimant [Garay] had some period of total incapacity. *See Bazzano v. Ware*, 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

*Lewis*, 566 S.W.2d 98, was reversed and remanded on the grounds that: 1) the jury finding that the injury did not produce total or partial incapacity was contrary to undisputed facts and thus erroneous, and 2) such error was not made harmless by stipulation that compensation insurer had paid fifteen weeks of compensation. In the same way, the failure to find total incapacity in this case was not harmless error simply because of other monetary stipulations.[1]

In addition, Mr. Rodriguez, attorney for appellee, admitted in his closing argument that Garay had suffered some period of total incapacity and even suggested a finding to the jury:

"*There was a period of total incapacity, we have agreed to that.* Just exactly how much? I don't know, ladies and gentlemen. You need to look at the—I

---

1. It was stipulated at trial that appellant had received compensation of $119 per week for a

119 week period, a total of $14,161.

have a suggestion for you. There was a time period when this lady couldn't work anywhere, no doubt about that. There were several, there was one between May and July of 1980, after the initial injury, there was a time period between January and April of 1981 before she went to work at Casa Panchita. And, of course, there was the period after the operation. After Dr. Reyes operated on this lady. And that was back from January to May of 1982. Now, if you add those up, *my recommendation to you for total incapacity would be fifty-two weeks, one year."* (Emphasis added.)

Even the appellee's argument, therefore, suggests that the jury finding or omission to find was so clearly against the great weight and preponderance of the evidence as to be manifestly unjust.

■ Appellee cites several cases in its brief for the proposition that appellant failed to preserve her error. The cases cited, however, are distinguishable from the case at bar. In *Continental Casualty Co. v. Street,* 379 S.W.2d 648, 650 (Tex. 1964), *Lewis v. Texas Employers' Insurance Association,* 151 Tex. 95, 246 S.W.2d 599, 600 (1952); *Greener v. Greener,* 413 S.W.2d 949 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); and *Peel v. Slobodin,* 382 S.W.2d 284 (Tex.Civ.App.—Beaumont 1964, no writ), no objections were made that the verdict was incomplete; in none of these cases did appellant except to the court in receiving, accepting and filing the verdict; there were no motions for mistrial or judgment non obstante veredicto, or motion to disregard the jury findings. Contrary to appellee's argument, these cases did not require the complainant to request the jury to be retained and reconsider its verdict in order to complain on appeal. What is most important is that the error is brought to the attention of the court. In none of the above cited cases was the error brought to the trial judge's attention. In our case, however, appellant pointed out the error, yet the judge chose not to rectify the problem. Both attorneys and the judge were well aware of the pre-trial stipulations in accepting the jury verdict; thus the trial court rendered a judgment which was so clearly against the great weight and preponderance of the evidence as to be manifestly unjust.

The appellant's motion for mistrial clearly outlined the problem with the verdict returned by the jury, and its conflict with the stipulations in the case and the instructions contained in the charge. It seems incredulous that appellee asked the court to receive the jury's verdict and then claims that appellant cannot bring his appeal because the verdict was received as appellee requested and while appellant was still asserting his motion which pointed out the defects in the jury's answers.

In *Loughry v. Hodges,* 215 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.), the court never concludes or states that a mistrial is an improper remedy to correct an incomplete verdict. The court *does* state, however, that reversal of a trial court's judgment should only be ordered where necessary to protect the substantial rights of a litigant. *Loughry* at 675. In our case, reversal of the trial court's judgment is necessary to protect the litigant's rights.

Appellee cites *Stalder v. Bowen,* 373 S.W.2d 824, 827 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.) and *Anheuser-Busch, Inc. v. Smith,* 539 S.W.2d 234 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ) for the proposition that the court has a right and duty to receive a partial verdict which will sustain a judgment. Appellee's reliance on Stalder is ill-founded; the court in Stalder (quoted in *Anheuser-Busch* at 238) also states that:

> [I]n order to support the entry of a judgment based upon a partial verdict the answers made by the jury must be of such a nature that the winning party was entitled to judgment no matter what the jury may have said in response to the unanswered issues. *Stalder* at 827.

In the case at bar, it did matter what the jury decided, for if they had answered Special Issue No. 1 "Permanent," they would not have considered Special Issue No. 2 and

the judge would have been required to award permanent total incapacity payments of $119 weekly in accordance with the stipulations.

If the jury had answered anything other than permanent, i.e., a specified number of weeks as allowed by the charge, the appellee may not have gained the benefits from the remaining answers to the charge which resulted in the take nothing judgment. The findings are even more confusing and against the stipulations because the date filled in by the jury for the start of the partial incapacity was the stipulated date that was the start of the period of total incapacity, lending support to the appellant's argument that the answer to issue one was impliedly "0."

 In accordance with appellee's reply points and argument, the appellee would have this Court review this case only in light of appellant's exact words used in her motion for mistrial. However, in passing on factual insufficiency points, the reviewing court must consider all of the evidence presented at the time of trial and set aside the verdict and remand for a new trial if it concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the record contained some evidence of probative force in support of the verdict. *Board of Regents v. Yarbrough*, 470 S.W.2d 86 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *see also: Erickson v. Deayala*, 627 S.W.2d 475 (Tex. App.—Corpus Christi 1981, no writ); *Lambert v. Gearhart-Owen Industries, Inc.*, 626 S.W.2d 845 (Tex.App.—Corpus Christi 1981, no writ). This includes consideration of evidence contrary to the trial court's judgment. *Smith v. Bidwell*, 619 S.W.2d 445 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Although the trial court has a general duty to receive a partial verdict, in light of the entire record in the case at bar, the jury's failure to find any period of total incapacity for appellant is so against the great weight and preponderance of the weight as to be manifestly unjust and requires reversal. *In re King's Estate*, 150

Tex. 662, 244 S.W.2d 660 (1951); *Parker v. Equitable General Insurance Co.*, 660 S.W.2d 143 (Tex.App.—Waco 1983, no writ); *Texas General Indemnity Co. v. McKay*, 595 S.W.2d 884 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); *Robinson v. Charter Oak Fire Insurance Co.*, 551 S.W.2d 794 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); *Macias v. Texas Employers Insurance Ass'n*, 546 S.W.2d 359 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.); *Thomas v. International Ins. Co.*, 527 S.W.2d 813 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.); *Thomas v. International Insurance Co.*, 507 S.W.2d 286 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.).

The judgment of the trial court is REVERSED and REMANDED.