In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-493 CV


____________________



IN RE COMMITMENT OF ENRIQUE MARTINEZ






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-09-06909 CV






MEMORANDUM OPINION
 The trial court ordered the civil commitment of appellant Enrique Martinez as a
sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-841.150
(Vernon 2003 & Supp. 2006). Martinez challenges the reliability of the testimony from the
State's expert witness. He challenges the legal sufficiency of the evidence establishing he
suffers from a behavioral abnormality that makes him likely to engage in a predatory act of
sexual violence. We affirm the trial court's judgment and order of civil commitment. 

 Martinez waived a jury trial and his right to attend trial. The State read excerpts of
his deposition testimony into the record. Martinez testified he had sexual fantasies involving
children. He testified that in New Mexico in the early nineteen eighties he molested his then
seven or eight-year old nephew. The molestation continued for approximately one year. He
was convicted in 1993 for an offense against the child. 

 While on probation, he went to a tennis resort to interview for a job and while on the
premises, molested another child he had never met. He pled guilty in 1994 to indecency with
the child. In 2000, he pled guilty to and was convicted of offenses in El Paso County that
occurred while he was in a park with children. The victims ranged in age from six to ten
years old. 

 The State also read the deposition testimony of Dr. Lisa Clayton, a forensic
psychiatrist. She testified regarding her educational background and training. Dr. Clayton
testified that prior to her interview with Martinez, she reviewed his file and scoring data on
actuarials. She diagnosed Martinez with pedophilia, nonexclusive type, and antisocial
personality traits. Dr. Clayton testified that Martinez has a behavioral abnormality as defined
in the statute, and that he has serious difficulty in controlling his behavior. In her opinion,
Martinez holds a high risk of re-offending in a sexually violent manner. 

 During the State's reading of Dr. Clayton's deposition testimony, appellant made
numerous objections, each time challenging Dr. Clayton's competency as an expert witness
or the reliability of her testimony. The trial court overruled the objections. On appeal,
Martinez argues Dr. Clayton's testimony was not reliable. He contends the State offered no
evidence to satisfy the reliability factors set out in E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 553-54 (Tex. 1995). 

 Tex. R. Evid. 702 allows expert testimony in scientific, technical, or other specialized
areas if the "witness [is] qualified as an expert by knowledge, skill, experience, training, or
education[.]" The proponent bears the burden of establishing the witness's expert
qualifications. See United Blood Servs. v. Longoria, 938 S.W.2d 29, 31 (Tex. 1997). The
trial court acts as a gatekeeper to screen out unreliable expert evidence. Exxon Pipeline Co.
v. Zwahr, 88 S.W.3d 623, 629 (Tex. 2002). To preserve a complaint that scientific evidence
is unreliable and constitutes no evidence, a party must object before trial or when the
evidence is offered. See Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 251-52 (Tex.
2004)(citing Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998)). 
Admission of expert testimony that does not meet the reliability requirement is an abuse of
discretion. Guadalupe-Blanco River Auth. v. Kraft, 77 S.W.3d 805, 810 (Tex. 2002). (1)
 

 The party opposing the admission of particular evidence has the burden of timely and
specifically objecting to that evidence. Wilkins v. Royal Indem. Co., 592 S.W.2d 64, 66 (Tex.
Civ. App.--Tyler 1979, no writ); see Tex. R. Evid. 103. A specific objection enables the trial
court to understand the issue of law raised and to make an informed ruling, and allows the
offering party the opportunity to correct the identified problem if possible. de los Angeles
Garay v. Tex. Employers' Ins. Ass'n, 700 S.W.2d 657, 659 (Tex. App.--Corpus Christi 1985,
no writ); see also Tex. Mun. Power Agency v. Berger, 600 S.W.2d 850, 854 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ); Univ. of Tex. Sys. v. Haywood, 546 S.W.2d 147, 150 (Tex.
Civ. App.--Austin 1977, no writ). "Shotgun" objections, citing many general grounds for the
objection without argument and obscuring a specific valid basis, do not preserve the
complaint for appellate review. See Webb v. State, 899 S.W.2d 814, 818 (Tex. App.--Waco
1995, pet. ref'd); Berry v. State, 813 S.W.2d 636, 638-40 (Tex. App.--Houston [14th Dist.])
pet. ref'd, 821 S.W.2d 616 (Tex. Crim. App. 1991). In Berry, the court explained that
counsel should not "conceal valid objections in a sophistic fog[.]" Id. at 640.

 Many of the objections at trial were general in nature. Martinez argues that although
his objections vary in wording, "the main point of the objections is that Dr. Clayton is not
an expert, her opinion lacks scientific, technical, or other specialized knowledge, her opinion
is not helpful to the finder of fact, and her opinion is not reliable." We understand these
challenges to be to Dr. Clayton's qualifications. The expertise of a witness to express an
opinion is a preliminary matter for the trial court to determine. Tex. R. Evid. 104(a);
Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 718 (Tex. 1998). 

 Dr. Clayton received her bachelor's degree in psychology from the University of
Oklahoma. She is a graduate of Emory Medical School. She also completed a one-year
internship at Emory Medical School. She has completed psychology and psychiatry
residency training. After receiving specialized training during her fellowship in forensic
psychiatry, she has been in private practice. As part of her outpatient practice, she has
treated inmates for about eight hours a week for eight years at the Dallas County Jail. Dr.
Clayton has evaluated and treated juveniles, including sex offenders, committed to the Texas
Youth Commission and at the state school in Gainesville. At the time of her deposition she
still evaluated defendants for the criminal courts in Dallas, Montague, Tarrant, and Collin
Counties. On this record, the trial court did not abuse its discretion in finding Dr. Clayton
to be qualified as an expert in the field of psychiatry and qualified to testify to the opinions
she expressed. 

 Martinez also argues the State presented no evidence that the underlying techniques
used by Clayton to form her opinions satisfy the Robinson factors. The Court in Robinson
held that the following factors are to be considered in determining the admissibility of
scientific knowledge:

 (a) the extent to which the theory has been or can be tested; 

 (b) the extent to which the technique relies upon the subjective interpretation
of the expert; 

 (c) whether the theory has been subjected to peer review and/or publication; 

 (d) the technique's potential rate of error; 

 (e) whether the underlying theory or technique has been generally accepted as
valid by the relevant scientific community; and

 (f) the non-judicial uses which have been made of the theory or technique. 


Robinson, 923 S.W.2d at 557. Some of Martinez's trial objections to Dr. Clayton's
deposition testimony were that her testimony failed to satisfy certain Robinson factors, and
those objections appear to challenge the foundational data and methodology used in forming
her opinion. 

 Dr. Clayton testified she arrived at her diagnosis or conclusions as to Mr. Martinez
primarily "through review of all the records and the clinical interview . . . with Mr.
Martinez." She testified her opinion that Martinez holds a high risk of re-offending in a
sexually violent manner was based on her "past experience and training in evaluating sex
offenders" and on Martinez's "long history of pedophilia and his victimization of both little
girls and boys[.]" Dr. Clayton testified she based her opinion that Martinez suffered from
a "behavioral abnormality" upon her review of his file and actuarial data and upon a two-hour interview with him. She explained that during the clinical interview, they discussed
Martinez's childhood history, medical situation, relationship history, sexual history, current
living situation, and his attempts to abide by the rules for released offenders. They discussed
his sexual offenses, and she evaluated him for any psychotic or thought disorder. Dr.
Clayton stated she thought Martinez tried to misinform her regarding his compliance with
sex offender treatment, presented himself in the best possible light in how he described his
offenses, and tended to blame his victims. She explained the DSM-IV states that with
pedophilia, "the course is usually chronic, especially in those attracted to males. The
recidivism rate for individuals with pedophilia involving a preference for males is roughly
twice those who prefer females." 

 The Texas Supreme Court has held Tex. R. Evid. 702's requirements of relevance and
reliability are applicable to all expert testimony. See Gammill, 972 S.W.2d at 726-27. The
Court acknowledged that "the considerations listed in Daubert and in Robinson for assessing
the reliability of scientific evidence cannot always be used with other kinds of expert
testimony." Gammill, 972 S.W.2d at 726. The Court has left it to the trial court, as
"gatekeeper," to determine how to assess the reliability of particular testimony. (2)
 See id; see
also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238
(1999). In Gammill, the Court upheld the trial court's application of the test used by the
United States Supreme Court in General Electric Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct.
512, 139 L.Ed.2d 508 (1997), that is, whether there was too great an analytical gap between
the data and the expert's opinion. 972 S.W.2d at 726-27. Generally, the questions a judge addresses in considering the relevance and reliability
of an expert's testimony are whether the testimony is based on sufficient facts or data,
whether the testimony is grounded in reliable principles and methods, and whether those
principles and methods were applied reliably to the facts of the case. If not, the analytical
gap between the data and the opinion may be too great and the opinion unreliable. 

 Dr. Clayton based her testimony on facts and data gathered in her interview from
Martinez himself, the tests conducted, his prior offenses, and his records. She explained the
work method she used in forming her opinion and how she applied the information to reach
her opinion. The trial court was within its discretion in concluding that she based her
testimony on sufficient facts and data and on a reliable method used in her field of expertise
for forming an opinion, and that she applied that method reliably to the facts in this case. We
see no analytical gap in her testimony and no abuse of discretion by the trial court in
admitting her testimony into evidence.

 Martinez next contends there is legally insufficient evidence to support the trial
court's finding that Martinez is a sexually violent predator suffering from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. 
Specifically, Martinez argues the State presented no evidence to suggest that Dr. Clayton's
diagnosis of pedophilia meets the legal definition of "behavioral abnormality" or that
Martinez was different from a typical recidivist. 

 The statute requires the State to prove a person meets the "sexually violent predator"
criteria beyond a reasonable doubt. See Tex. Health & Safety Code Ann. § 841.062(a)
(Vernon 2003); In re Commitment of Fisher, 164 S.W.3d 637, 641 (Tex.), cert. denied,
___U.S.___, 126 S.Ct. 428, 163 L.Ed.2d 326 (2005). Because this is the same burden of
proof required in criminal cases, although this is a civil proceeding, we apply the appellate
standard of review used in criminal cases for sufficiency of the evidence. See In re
Commitment of Mullens, 92 S.W.3d 881, 885 (Tex. App.--Beaumont 2002, pet. denied)
(citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In
a legal sufficiency review, we review all of the evidence in a light most favorable to the
finding and examine whether a rational factfinder could have found, beyond a reasonable
doubt, that Martinez suffers from a behavioral abnormality that makes him likely to engage
in a predatory act of sexual violence. See Mullens, 92 S.W.3d at 885; see also Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The trier of fact may draw reasonable
inferences from the evidence and is the exclusive judge of the witnesses' credibility and the
weight to give testimony. See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996);
Bruno v. State, 922 S.W.2d 292, 293 (Tex. App.--Amarillo 1996, no pet.). 

 The State presented sufficient evidence to show Martinez suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. See
Mullens, 92 S.W.3d at 885. Dr. Clayton testified to the reasons she reached her conclusion,
and her testimony is based on the considerable evidence we have already summarized and
addressed in reviewing the reliability of her testimony. The State presented evidence
differentiating Martinez from a typical recidivist. "[P]roof of serious difficulty in controlling
behavior" is required in order to civilly commit a defendant. See Kansas v. Crane, 534 U.S.
407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). The inability to control behavior "must
be sufficient to distinguish the dangerous sexual offender whose serious mental illness,
abnormality, or disorder subjects him to civil commitment from the dangerous but typical
recidivist convicted in an ordinary criminal case." Id. Dr. Clayton testified that Martinez
admitted he will always have a problem with a desire for young children and that if he has
thoughts of them, he knows he has to get the thoughts out of his mind. Martinez also
testified that he has sexual fantasies involving children and that he committed the offenses
because "it seemed easy and I was sexually attracted to those kids at that time." Martinez's
lack of volitional control may be inferred from his past behavior, his history of violating
probation conditions, and from his own testimony. A rational trier of fact could find beyond
a reasonable doubt Martinez has serious difficulty in controlling his behavior and suffers
from a behavioral abnormality that makes him likely to engage in a predatory act of sexual
violence. 

 Appellant's issues are overruled. We affirm the judgment and order of civil
commitment. 

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on May 26, 2006

Opinion Delivered August 24, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. In Kumho Tire Co. v. Carmichael, the United States Supreme Court held that a trial
court "must have the same kind of latitude in deciding how to test an expert's reliability, and
to decide whether or when special briefing or other proceedings are needed to investigate
reliability, as it enjoys when it decides whether that expert's relevant testimony is reliable." 
526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (emphasis in original). 

2. This case was a bench trial in which the trial court heard extensive testimony on Dr.
Clayton's qualifications and the bases for her conclusions. In Olin Corp. v. Smith, the Austin
Court of Appeals addressed the trial court's discretion in assessing reliability when the court
is also the fact-finder:


 As both gatekeeper and fact-finder, the trial court was in a position to assess
the reliability of the technical and specialized knowledge proffered by the
experts and to determine whether the testimony would assist the trier of fact
to understand the evidence and to determine the facts in issue as contemplated
by Rule 702. The court was in a position to evaluate whether the opinion
proffered 'comport[ed] with applicable professional standards outside the
courtroom' and had 'a reliable basis in the knowledge and experience of the
discipline' in question. Gammill, 972 S.W.2d at 726-27 (quoting Watkins v.
Telsmith, Inc., 121 F.3d 984 (5th Cir. 1997)). 


Olin Corp. v. Smith, 990 S.W.2d 789, 796-97 (Tex. App.--Austin 1999, pet. denied) (footnote
omitted). The Court noted that "the confluence of the 'gatekeeper' and fact-finder functions
in the trial court served to ventilate fully any Robinson issues." Id. at 796 n.1.